NETTIE KRUEGER, RESPONDENT, v. THEODORE WALTERS, APPELLANT.—
179 S. W. (2d) 615.

Kansas City Court of Appeals. April 3, 1944.

*E. M. Jayne, Thos. E. Deacy* and *Milligan, Kimberly & Deacy* for appellant.

*Phillip J. Fowler* and *Robert Stemmons* for respondent.

344

BLAND, J.—This is an action for the wrongful death of the plaintiff's husband. There was a verdict and judgment in favor of plaintiff in the sum of $4500, and the defendant has appealed.

The facts show that plaintiff is the widow of Christian F. Krueger, deceased, who was killed on December 10, 1941, as the result of being struck, in the nighttime, by an automobile being driven by the defendant. Plaintiff and her husband had been to Springfield visiting a daughter in a hospital there, who had recently given birth to a child. They were returning to their home in Lawrence County, on Highway No. 66. Their car became stalled near the town of Phelps, in Lawrence County. They alighted from the car, seeking assistance. At the time her husband was killed, they were walking westwardly on the shoulder of Highway No. 66, and had arrived at a point about one mile west of Phelps. Deceased was walking about one and a half feet north of the pavement, with a flashlight in his hand, and plaintiff farther north, with their backs toward the east. Defendant came from the east driving his automobile at a rate of speed of between forty and fifty miles per hour, and struck plaintiff's husband, causing his death.

Defendant's evidence tends to show that deceased was walking upon the paved portion of the highway and that defendant was blinded by the lights of a passing motor vehicle. The fact that defendant's car struck and killed deceased is admitted.

Although plaintiff was a resident of Lawrence County, and defendant of Adair County, plaintiff filed a suit in the Circuit Court of *Newton County*, on January 9, 1942, against the defendant to recover for the death of her husband. Thereafter, on February 21, 1942, an *alias* summons was issued, returnable to the June Term of that court. The Sheriff of Newton County served the *alias* summons on the defendant in Newton County and, on June 1, 1942, defendant filed a· plea to the jurisdiction, alleging that neither he, nor the plaintiff, resided in said county, and that he had his home in Kirksville, Adair County. Thereafter, on June 8, 1942, plaintiff dismissed her suit in the Circuit Court of Newton County and, on July 23, 1942, filed another (the present) suit in the Circuit Court of Adair County.

The Sheriff, testifying for the plaintiff, stated that, on the night of the collision, defendant stated to him that he resided in Kirksville; that he was temporarily rooming in Neosho while employed at Camp Crowder.

William Sisk, a son-in-law of plaintiff and the deceased,· testified that he talked with defendant about a week after the collision. He was asked whether defendant did not state to him, at that time, that his home was in Kirksville, Adair County. He replied that he might have. The witness did not remember. It was then developed that his deposition had been taken. Thereupon, he was asked if, in his deposition, he did not state: ''Of course he (defendant) said he was working at Camp Crowder as timekeeper, I think. I am quite sure he told me that his home was in Kirksville. A. Yes, sir. I perhaps said something else, didn't I, that I could not remember? A. Didn't you make that answer when your deposition was taken? A. Yes, sir. Q. And following that, I will ask you if this further question was not asked you, and if you didn't make this further answer? 'Q. That is Kirksville, Missouri? A. Yes, sir?' A. Yes, sir.''

He further testified that he turned the suit over to Mr. Stemmons, an attorney for the plaintiff. In a statement made by defendant to the coroner, at the inquest, defendant gave his residence as Kirksville, Missouri, and in a statement given to a State Highway patrolman, on the night of the collision, defendant gave his residence as Kirksville. At the trial of the case defendant testified that he had continuously livd with his family in Kirksville since 1936; that he had never resided in Newton County; that at the time of the collision he was employed at Camp Crowder, but that his home was in Kirksville.

The evidence shows that Camp Crowder, at the time in question, was under construction and became a large military camp. The camp is situated near the City of Neosho in Newton County. While

employed at Camp Crowder, defendant lived in a trailer in Neosho.

Plaintiff and the deceased were the parents of two children. The older one was married to Sisk. The younger daughter, fifteen years of age, resided with plaintiff at the time of the trial.

Plaintiff testified that she had never met defendant and saw him for the first time in the court room at the trial of the present case. She was not asked in reference to any knowledge she might have had of defendant's residence at the time suit was brought in Newton County. None of her attorneys testified.

The evidence shows that plaintiff did not attend the coroner's inquest, and there is no evidence that she knew or had notice that defendant did not reside in Newton County when she filed her suit there.

Plaintiff alleged in the petition in the present case that, within six months after the death of deceased, on Decembr 10, 1941, she filed a suit in the Circuit Court of Newton County, against the defendant for the wrongful and negligent killing of her husband; that thereafter she dismissed said suit and filed this one in the Circuit Court of Adair County.

In his answer, defendant alleges that plaintiff's cause of action was barred by the terms and provisions of Sections 3652, 3654 and 3656, Revised Statutes Missouri, 1939, for the reason that plaintiff had failed to bring suit within six months from and after the death of her husband. It is specifically denied in the answer that plaintiff had appropriated her cause of action within six months from that time, and it is alleged that the filing of the suit by the plaintiff in the Circuit Court of Newton County was a nullity, and did not amount to an appropriation of the cause of action within said six months' period by the plaintiff, for the reason that she knew that neither she nor the defendant were residents of Newton County.

It is further alleged that deceased was survived by a minor child, and that any cause of action accrued to such child on the 10th day of June, 1942, at the expiration of six months from the date of his death.

Defendant insists that his instruction in the nature of a demurrer to the evidence should have been given for the reason that plaintiff failed to appropriate her cause of action for her husband's death within six months thereafter, and that the action is barred under the provisions and terms of Sections 3652, 3653, 3654, 3655 and 3656, Revised Statutes Missouri, 1939. By sections 3652, 3653 and 3654, Revised Statutes Missouri, 1939, it is provided that a suit, such as this, for the death "of a person caused by the wrongful act, neglect or default of another (Sec. 3653), may be brought "first, by the husband or wife of deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased. . . . (Sections 3652, 3654). And Section 3656 provides that such "action . . . shall be commenced within one year after the cause of action shall

accrue," and "that if any such action shall have been commenced within the time prescribed in this section, and the plaintiff therein take or suffer a nonsuit, . . . such plaintiff may commence a new action from time to time within one year after such nonsuit."

"From a reading of these sections it is plain that the time limited for bringing the actions therein referred to, all of them, is one year after the cause of action accrued. A husband or wife, when there are no minor children, may sue at any time within a year. [Barker v. Railroad, 91 Mo. 86, 14 S. W. 280.] Likewise the minor children, if there be no husband or wife, have a year in which to commence action. And where there are both husband or wife and minor children, the time for bringing suit, so far as the defendant is concerned, is not for that reason cut down. It is still a year. But between husband or wife, and the minor children, with respect to which shall be entitled to sue, the statute gives the former a preferential right, conditioned that he or she '*sue within six months after such death*.'" (Italics ours.) [Huss v. Bohrer, 295 S. W. 95, 96.] [See also, Cummins et al. v. Kansas City Public Service Co., 66 S. W. (2d) 920, 931; Meyer v. Pevely Dairy Co., 64 S. W. (2d) 696, 698, 699.]

In order for the widow to appropriate her cause of action so that she may thereafter dismiss it and bring it over, under the provisions of Section 3656, Revised Statutes Missouri 1939, she must appropriate her action within the six months' period. This can only be done by her bringing an action withn that time in a court having jurisdiction in the premises. [Cummins et al. v. Kansas City Public Service Co., *supra*; Góldschmidt v. Pevely Dairy Co., 111 S. W. (2d) 1; Chandler v. Chicago & Alton R. R. Co., 251 Mo. 592; King v. Smith Baking Co., 71 S. W. (2d) 115; Betz v. K. C. So. Ry. Co., 284 S. W. 455.]

Section 871, Revised Statutes Missouri, 1939, provides that "suits instituted by summons shall . . . be brought . . . either in the county within which defendant resides, or in the county within which plaintiff resides and the defendant may be found." Under this section the former suit was filed in the wrong court as neither plaintiff nor the defendant resided in Newton County.

The question to be determined is whether it can be said that plaintiff brought a suit, within the meaning of the statutes, when she filed her suit in the wrong county. The authorities in this State hold, in construing Statutes of Limitations, that when plaintiff knows that neither he nor the defendant are residents of the county where the suit is filed, such a proceeding is merely the filing of a pretended suit and it cannot be considered that any suit at all has been filed, the court lacking jurisdiction. [Conrad v. McCall, 226 S. W. 265; Mertens v. McMahon, 115 S. W. (2d) 180; See also Metzger v. Metzger, 153 S. W. (2d) 118; Wente v. Shaver, 169 S. W. (2d) 947.] However, in the Wente case it was held that if the former suit is filed in

good faith, that is to say, if an innocent mistake was made and there was no negligence or carelessness, the suit will be considered as having been filed, although filed in the wrong court. So, the question in this case resolves itself as to whether an innocent mistake was made in the filing of the former suit in the wrong court and that plaintiff was free from negligence in so filing it. Of course, the burden of showing this was upon the plaintiff. This burden she wholly failed to sustain. We think that, under the circumstances, the court erred in refusing to give defendant's instruction in the nature of a demurrer to the evidence.

However, plaintiff may be able to show, at another trial, that she was free from negligence and that an innocent mistake was made when she filed the former suit. It is true that she had notice of the residence of the defendant after he filed his plea to the jurisdiction in the former suit, but there is no evidence that she, or her attorney, knew of the filing of the plea until two days before the six months' period expired, and we cannot say that negligence is shown, as a matter of law, in that suit was not filed in the Adair County Circuit Court within that time, especially as plaintiff and her attorney lived in the southwestern part of the State and Adair County is in the northeast portion. We have concluded that the judgment shall not be reversed outright, but it should be reversed and the cause remanded.

There are other points raised in appellant's brief which it is proper to pass upon under the circumstances. It is insisted that the court erred in giving plaintiff's Instruction No. 1, which reads as follows:

"The Court instructs the jury that even though they may find and believe from the evidence that the said Christian Krueger carelessly and negligently demeaned himself and that his negligence directly contributed to his injuries and death, yet if the jury further find and believe from the evidence that after the said Christian Krueger by such negligence, if the jury so find, was in a position of imminent peril of being struck by the automobile being operated by defendant, if the jury so find, and defendant by the exercise of the highest degree of care saw, or could have seen, the said Christian Krueger walking in and upon Highway No. 66 and saw, or could have seen, that he was in a position of imminent peril of being struck by said automobile, and saw, or could have seen, that he was oblivious of danger, if the jury so find, in time thereafter in the exercise of the highest degree of care with the means at hand and with safety to himself and others to have avoided striking and injuring said Christian Krueger, if the jury so find, by stopping said automobile or by slackening the speed thereof, or by turning or diverting its course, but negligently failed to do so, then the verdict of the jury should be for the plaintiff notwithstanding such negligence of the said Christian Krueger."

It is claimed first, that this instruction covers the entire case and directs a verdict, but it does not have the jury find that plaintiff had appropriated the cause of action for her husband's death within six months from the date thereof. In answer to this contention plaintiff says that the undisputed evidence establishes, as a matter of law, that she so appropriated the action, but from what we have said there is no merit in plaintiff's contention.

It is next insisted that the instruction is erroneous because it failed to require a finding that the alleged negligent failure of the defendant to stop, swerve or slacken the speed of his automobile was the direct and proximate cause of injuries to and the death of her husband.

It is not always necessary for such an instruction to contain the words "proximate cause" or "direct cause," or their equivalent. "The instruction clearly requires the jury to find a definite series of facts. These facts, if found, constitute proximate cause as a matter of law. A court can tell a jury that, if they find a given state of facts to exist, then they will find for plaintiff, this upon the theory that such facts, if found, constitute negligence and show proximate cause, as a matter of law." [Clark v. Chi. R. I. & Pac. Ry. Co., 300 S. W. 758, 761.] Under this ruling we think that plaintiff's instruction was not subject to the attack made against it by defendant. We have examined McCombs v. Bowen, 73 S. W. (2d) 300; Duncoulombier v. Baldwin, 101 S. W. (2d) 96; Lackey v. United Rys. Co., 231 S. W. 956, and like cases cited by the defendant, and find them not in point.

However, it is insisted by defendant that the instruction is erroneous in submitting the element of slackening of speed, for the reason there is no evidence tending to show that slackening the speed would have prevented the accident. The contention is well taken. [See Alexander v. Hoenshell, 66 S. W. (2d) 164; Kick v. Franklin et al., 117 S. W. (2d) 284.]

It is insisted that plaintiff's instructions Nos. 1 and 2 are erroneous in that, Instruction No. 2 predicates liability on the part of the defendant for failing to have his motor car under control, whereas the theory submitted in Instruction No. 1 is inconsistent with such a theory. We think this contention must be sustained. [Tunget v. Cook, 84 S. W. (2d) 970; Kick v. Franklin, *supra*.]

It is insisted that plaintiff's Instruction No. 2 is erroneous in that it ignores the defense of contributory negligence. An examination of the record discloses that there was no defense of contributory negligence pleaded in the answer. It is next insisted that the instruction fails to require the jury to find that defendant's negligence was the proximate cause of the injuries to and death of deceased. The instruction is awkwardly worded from this standpoint, in that, it concludes by saying "that if you find as a direct cause of such acts plaintiff's husband was killed, then the jury may find a verdict for the plaintiff." Defendant says that the instruction has the jury find

350

that deceased's death was the direct cause of the negligence of the defendant. It is difficult to believe that the jury could have misunderstood what was meant in the instruction but, of course, we do not approve of the language used.

Complaint is made of the form of plaintiff's Instruction No. 5 on the measure of damages. It would be better for plaintiff to give an instruction in a form which has been approved by the courts. [See Morton v. Southwestern Telegraph & Telephone Co., 217 S. W. 831, 836.]

The judgment is reversed and the cause remanded. *Cave, J.,* concurs.