Mary K. JACKSON, Plaintiff-Appellant,

v.

Freda F. WHITAKER, Defendant-
Respondent.

Elsie M. JACKSON, Plaintiff-Appellant,

v.

Freda F. WHITAKER, Defendant-
Respondent.

Nos. 24014, 24015.

Kansas City Court of Appeals.

Missouri.

Dec. 7, 1964.

Motion for Rehearing or Transfer to Su-
preme Court Denied Feb. 1, 1965.

Application to Transfer Denied
March 8, 1965.

Robert B. Langworthy, John R. Cleary, Linde, Thomson, VanDyke, Fairchild & Langworthy, Kansas City, Poague, Brock & Wall, Clinton, of counsel, for appellants.

William J. Cason, Harold L. Caskey, Clinton, for respondent.

MAUGHMER, Commissioner.

These two actions have been consolidated for the appeal. In each the plaintiff seeks $15,000 as damages for personal injuries allegedly sustained in an automobile accident. The trial court sustained the defendant's motions for summary judgment and plaintiffs have appealed.

The facts upon which these lawsuits were ruled in the trial court and which will be decisive on appeal are not in dispute. They are established in the transcripts by the pleadings, admissions and certified copies of the records of other courts. The disagreement concerns the legal result. Defendant contends (a) the actions are barred by the statute of limitations and (b) the issues as to defendant Elsie M. Jackson became res judicata because of a prior judgment. Plaintiffs present opposite views. The trial court sustained defendant's position generally, but without indicating whether it did so on ground (a) or (b) or both.

On April 8, 1956, Benton Jackson, his wife, the present plaintiff Elsie M. Jackson, and his daughter Mary K. Jackson, the other present plaintiff, were riding in an automobile driven by Benton Jackson, when it came into collision with an automobile driven by defendant Freda F. Whitaker. This collision occurred in Benton County, Missouri. Defendant Freda F. Whitaker was a resident of Benton County. The Jacksons were all three residents of Bates County, Missouri. Benton Jackson died that day as a result of injuries and both Elsie M., his wife, and Mary K., his daughter, sustained personal injuries.

On April 20, 1956, Mary K. Jackson was appointed administratrix of the estate of Benton Jackson by the Probate Court of Bates County. Letters testamentary were issued, duly published and she acted as administratrix of her deceased father's estate.

■ On December 19, 1956, Elsie M. Jackson filed suit against defendant for personal injuries and as surviving widow for the wrongful death of her husband. On this same date, Mary Jackson filed suit against defendant for personal injuries. These suits were brought in the Circuit Court of Benton County, where the collision occurred and where defendant resided. The wrongful death action went on change of venue to Henry County, where trial was had on August 1, 1958, resulting in a verdict and judgment for defendant. Defendant says the trial and judgment in the Henry County suit brought the same parties into court and contested the same issues as are involved in the widow Elsie's present lawsuit and therefore under the res judicata doctrine that suit was properly dismissed. We doubt that the issues litigated in the Henry County trial concerning the negligence of defendant and Benton Jackson, deceased operator of the Jackson vehicle, are precisely the same as would be those between defendant and a guest or passenger in the Jackson automobile. In order to have estoppel by a former action there

must be an identity of (1) the thing sued for; (2) the cause of action; (3) the persons and parties and (4) the quality of the person for or against whom the claim is made. Norwood v. Norwood, 353 Mo. 548, 183 S.W.2d 118, 122; McIntosh et al. v. Foulke et al., 360 Mo. 481, 228 S.W.2d 757, 761. We question if all four identities are here present. However, we do not rule the appeal on this point. The other two suits, the one by Mary K. for her personal injuries, and the one by Elsie M. for her personal injuries, were prior to March 31, 1961, dismissed without prejudice in the Circuit Court of Bates County.

After the Henry County trial in August, 1958, the controversies languished without any activity until March 31, 1961, when two quick actions or incidents occurred: (1) Mary K. Jackson, with the approval of the Probate Court of Bates County, withdrew as administratrix and Herman M. Swofford, a resident of Jackson County, Missouri, was .by the Probate Court of Bates County appointed administrator de bonis non and qualified as such, and (2) on the same day two lawsuits were filed in the Circuit Court of Jackson County,. to-wit: an action by Mary K. Jackson (still a resident of Bates County) against Freda F. Whitaker and Herman M. Swofford, administrator de bonis non of the estate of Benton Jackson, deceased, for personal injuries allegedly sustained in the collision, and an action by Elsie M. Jackson (still a resident of Bates County) against the same defendants for personal injuries allegedly sustained by her in the same collision. Summons in each case was issued and served upon Swofford in Jackson County and upon Freda F. Whitaker in Benton County. The administrator de bonis non filed answer to the merits. Defendant Freda F. Whitaker appeared specially and moved for a dismissal of the actions as to her.

Although the first publication of letters occurred on April 26, 1956, none of the plaintiffs in any of the actions filed has ever complied with the provisions of the nonclaim statutes, Sections 473.360, 473.363,

473.367, 473.370, V.A.M.S.1959. These statutes in effect bar as to estates or heirs any claim which is not filed in the probate court within nine months after first publication of letters. State ex rel. Whitaker v. Hall, Circuit Judge, Mo., 358 S.W.2d 845, was an original action in prohibition, wherein the defendant Whitaker sought to prohibit the Circuit Court of Jackson County from taking any further action in either of the two Jackson County suits. The Supreme Court en banc, held that: " * * * inasmuch as the actions pending against the administrator were long since barred by the provisions of the non-claim statutes * * * he is not a legitimate defendant so as to render his co-defendant, relator, subject to being sued in Jackson County * * * ", and prohibited the Jackson County Circuit Court from proceeding further in said suits. The Supreme Court therein further ruled that the non-claim statute provisions are jurisdictional as to the administrator, who cannot waive same by consent, entry of appearance or by filing answer. Instead of incorporating herein the citations and reasoning of this Supreme Court opinion so concluding and thereby unduly and, we think, unnecessarily extending the length of this opinion, we invite those interested in the details to read the Supreme Court opinion.

On June 8, 1963, plaintiffs filed the two suits now before us. Section 516.100, V.A.M.S.1959, provides in part: "Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued * * * ".

Continuing in this Statutes of Limitations chapter and declaring the limitation periods in which actions for personal injuries may be commenced we find the following in Section 516.120, V.A.M.S.1959:

"Within five years: * * *

"(4) An action * * * for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated;".

Defendant pleaded these limitations statutes and followed with a motion to dismiss.

The collision occurred on April 8, 1956. These two lawsuits were filed on June 8, 1963, or seven years and two months thereafter. Manifestly these actions were filed more than five years after the causes of action accrued and are barred unless there is some saving statute or law which will toll the statute or save the plaintiffs from its application. Plaintiffs agree and concede that this is so. However, they assert that their actions are saved by the provisions of Section 516.230, V.A.M.S.1959. Plaintiffs suggest no other or additional method of survival. Section 516.230, to the extent here pertinent, provided:

"If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, * * * such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered * * * ".

The first suits brought by these plaintiffs namely those commenced in Benton County, December 19, 1956, were timely brought. But after suffering defeat in the wrongful death action in Henry County, plaintiffs dismissed those suits and the present actions were not brought within one year thereafter.

It is plaintiffs' sole contention on appeal that (1) the suits in Jackson County filed March 31, 1961, were within the five year limitation period (which would have expired on April 8, 1961), and (2) plaintiffs suffered a nonsuit, within the meaning of Section 516.230, supra, when they dismissed the Jackson County cases without prejudice, or the same were stricken from the docket and (3) the present suits in Benton County were commenced within one year thereafter as authorized by the statute.

We agree with plaintiffs' contention that the Jackson County suits were filed within the five year period and with number (3) that the pending Benton County cases were commenced within one year after the Jackson County cases were disposed of, but we are unable to agree that plaintiffs "commenced" the Jackson County cases and suffered a "nonsuit" therein within the meaning of the statute so as to preserve or give them the right to maintain identical actions in Benton County within one year thereafter.

In the case of Conrad v. McCall, 205 Mo.App. 640, 226 S.W. 265, plaintiff had a trial court judgment for damages founded upon an alleged assault. The suit was commenced after expiration of the limitation period but plaintiff had sued defendant and his brother in time in a county where defendant did not reside, had failed to get service and had finally dismissed. He interposed there, as here, a contention that he had suffered a nonsuit in the earlier suit and therefore the instant proceeding brought within one year thereafter, even though after expiration of the two year limitation period was not barred. On appeal the judgment for plaintiff was reversed outright. We quote pertinent parts of the opinion:

"Under these facts we have reached the conclusion that plaintiff's present suit filed in McDonald county, where defendant resided at all times, is not saved from the bar of limitations by reason of his prior attempted suit in Newton county. In the first place, we think that it cannot be properly said that plaintiff 'suffered a nonsuit' in Newton county. The statute has been liberally construed to include voluntary nonsuits or dismissals of pending cases; but where the court has acquired no jurisdiction of the named defendant and is powerless to do anything, except perhaps to clear its docket of a pretended case not properly before the court, it can hardly be said that there is a pending case. The action of that court in dismissing that case for want of prosecution was, in effect, striking it from the docket as that is all the court could do. There was no case pending and consequently no nonsuit suffered".

In Mertens v. McMahon, Mo.App., 115 S.W.2d 180, 183, plaintiff had a judgment for work, labor and tools. The instant suit was begun after expiration of the limitation period. Plaintiff had brought other suits in counties where defendant did not reside. Defendant had appeared specially in those suits challenging the jurisdiction. Plaintiff had thereupon dismissed. He claimed the disposals of those cases were nonsuits within the meaning of the statute, thereby saving his cause of action from the limitations period and permitting him to bring another suit within one year. The appellate court refused to adopt that position and speaking of the earlier suits, said:

"That court did not have jurisdiction and never did acquire jurisdiction over the defendant and was, therefore, never in a position to try that cause. That cause having been dismissed without the court ever having acquired jurisdiction, the legal situation is the same as though that suit was never filed".

The Supreme Court in Phillips v. Whittom et al., 354 Mo. 964, 192 S.W.2d 856, 857, followed the Conrad and Mertens cases. There plaintiff brought his first suit in Putnam County where none of the parties resided. The Supreme Court refused to disturb the judgment of the trial court abating an action brought later in a proper forum. The court commented upon and to an extent clarified the rule by declaring:

"The rule announced in the Wente case is that if the plaintiff makes an 'innocent mistake' in filing his previous action he will not be denied the benefit of the tolling provision of the statute. * * * Good faith, however, generally

imposes a duty on the obligor to use reasonable diligence—the diligence that an honest man of ordinary prudence is accustomed to exercise. * * * The defendant in the litigation also has some rights, and is entitled to complain of an unreasonable and unjust abuse of the process of the courts".

In their brief plaintiffs refer to the Mertens case and in an effort to distinguish it on the facts from their cases, state: "Plaintiff (Mertens) had joined a non-necessary party who resided in the county for the purpose of conferring jurisdiction. The Court held that the prior suit was not the commencement of a suit so as to toll the statute of limitations. In the instant cases the administrator de bonis non of the Benton Jackson estate was a proper and necessary party to the Jackson County actions instituted by the plaintiffs". The trouble with this statement is that the Supreme Court in State ex rel. Whitaker v. Hall, supra, refutes it beyond dispute and actually declares the contrary. The Supreme Court therein ruled that (1) the action as to the estate was barred under the nonclaim statute, (2) the administrator de bonis non was not a necessary defendant or a legitimate defendant or even a permissive defendant so as to permit joining Freda Whitaker, a resident of Benton County, with him as a defendant in Jackson County, and (3) prohibited absolutely any action by the Circuit Court of Jackson County in those suits.

We quote from 54 C.J.S. Limitations of Actions § 271 on this point. Plaintiffs in their brief have invited our attention to the italicized portions thereof:

"Another view is that, where plaintiff knows that neither he nor defendant is a resident of the county where suit is filed, there is merely the filing of a pretended suit and, for limitation purposes, it will not be considered that any suit has been filed, but that *the suit will be considered as filed where, although it is brought in a county where neither plaintiff nor defendant resides, it is filed*

*in good faith, under an honest mistake, and without negligence or carelessness;* * * *".

Appellants have submitted and we have reviewed some additional opinions which appear to soften the cold impact of the Conrad and Mertens cases.

In Wente v. Shaver, 350 Mo. 1143, 169 S. W.2d 947, 953, 145 A.L.R. 1176, the Supreme Court considered a situation where plaintiff (a resident of St. Louis County) brought a wrongful death action against defendant (also a resident of St. Louis County) in the Circuit Court of the City of St. Louis, and being unable to secure proper service, took a nonsuit. Plaintiff, within one year thereafter, but after expiration of the limitations period, sued defendant in St. Louis County and had service. The Supreme Court held that the suit brought in the City of St. Louis saved the cause of action from death by limitations and that the suit brought in a proper forum within one year after suffering nonsuit was brought in time. The reasoning of the court and its conclusions as to the law applicable may be understood, we believe, if some excerpts from the opinion are weighed and considered.

In distinguishing the result reached from the ultimate conclusion arrived at in the Conrad and Mertens cases, the court commented: "It will be noted that in the Conrad case and the Mertens case the plaintiff knew that the defendant did not reside in the county where the suit was filed". In our case plaintiffs knew at all times that defendant Whitaker was a resident of Benton County. There is no suggestion to the contrary and plaintiffs had each, soon after the collision, sued defendant and procured service on her in Benton County.

The court also quoted with approval as follows from the opinion written by Judge Cardozo in Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594, L.R.A.1917C, 203: "A suitor who invokes in good faith the aid of a court of justice, and who initiates a

proceeding by the service of process, must be held to have commenced an action within the meaning of this statute, though he has mistaken his forum".

To the same general tenor and speaking for itself, the court said on page 953 of 169 S.W.2d: "So far as appears from the cases cited and from our own research, the saving statutes have been applied to nonsuited litigants who have, by innocent mistake, filed their cause in the wrong forum". Furthermore, it affirmatively appeared from the record that one of plaintiff's attorneys checked the Greater St. Louis telephone directory seeking the address of defendant Nellie Shaver, who was a doctor, and from the listing found therein had reason to believe that she was a resident of the City of St. Louis. There appears no evidence indicating that plaintiff or her attorney knew defendant resided in the county.

The question was again considered by the Supreme Court in Tice v. Milner, Mo., 308 S.W.2d 697, 703, a suit for wrongful death arising from an automobile accident. The accident occurred in Dunklin County, Missouri. Morrell, the driver of the defendant's car and a resident of Tennessee, was also killed. The guardian for the Tice minor plaintiffs caused the Probate Court of Dunklin County to appoint a personal representative for Morrell and then on March 30, 1954, sued him in the Circuit Court of Dunklin County, and joined Milner, owner of the car and a resident of the City of St. Louis. They were seeking to take advantage of Section 537.020, V.A.M.S. as it was then written. The service of process phase of this statute was declared unconstitutional on September 13, 1954, in Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763. Eleven months and three days later plaintiff dismissed in Dunklin County and five months and 14 days thereafter filed a suit in the City of St. Louis, the proper forum. The court ruled that such suit was not barred and said: "Process served under an unconstitutional statute is invalid, of course, but it certainly is not negligence to institute an action in reliance on a statute not then known or declared to be unconstitutional".

In the Tice opinion reference is made to the Conrad, Mertens, Phillips and Wente cases, supra. All are recognized as declaring the existing law. Neither case is overruled or modified. The Tice case is distinguished, as are each of the other four cases, on the facts.

▮ We shall not attempt to determine or say either way if the Jackson County cases were filed in "good faith" or under an "honest mistake" within the meaning of those phrases as used in the cases we have reviewed defining the meaning. However, we cannot conclude that the Jackson County cases were brought without an undue and unreasonable amount of negligence. We restate some of the facts which impel us to that conclusion: (1) The collision occurred in Benton County; (2) defendant at all times was a resident of Benton County, which fact plaintiffs and their counsel well knew, having once sued her in that jurisdiction; (3) plaintiffs were at all times residents of Bates County; (4) for almost five years one of the plaintiffs had served as administratrix of Benton Jackson's estate and (5) they knew or should have known that the administrator de bonis non was not a legitimate defendant. We shall elaborate as to this feature.

The Probate Code with the nonclaim statute was enacted and became effective in 1957. It was given wide publicity, especially among lawyers. On November 9, 1959, the Supreme Court in Clarke v. Organ, 329 S.W.2d 670, handed down a decision strictly interpreting the nonclaim statute, holding it to be mandatory and a jurisdictional prerequisite. Plaintiffs and their attorneys knew a all times that defendant was a resident of Benton County. In March, 1961, a few days before expiration of the limitation period, a rapid sequence of events took place; (1) Plaintiff Mary K., after having

been appointed administratrix in April, 1956, withdrew as such; (2) on the same day the administrator de bonis non was appointed; (3) on the same day suits were filed in Jackson County by plaintiffs against the administrator de bonis non and defendant; (4) the administrator de bonis non filed answer. Under all of these circumstances we are unable to conclude that the plaintiffs and their attorneys were free from negligence and carelessness in bringing the Jackson County suits. They knew or should have known for quite some time what the Supreme Court told them so unequivocally in the prohibition suit.

We do not believe any lawsuit was "commenced" in Jackson County within the meaning of Section 516.230, supra. The Supreme Court has squarely ruled the Jackson County Circuit Court was without jurisdiction. We further question if plaintiffs suffered a "nonsuit" within the meaning of the statute. After the prohibitory order of the Supreme Court all the Jackson County Circuit Court could lawfully do was to purge its docket of these cases. Finally, the theory of plaintiffs falls and we rule that the Jackson County suits were not filed under a reasonable mistake, but that plaintiffs and their attorneys knew or should have known same were not legally maintainable. Therefore, under the authorities referred to herein we find that plaintiffs' present lawsuits are barred under the statutes of limitations and the trial court properly sustained the motions for summary judgment.

No other alleged errors having been presented and we having found none, the judgments entered below in both cases are affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.