**Walter GUFFEY, Plaintiff,**

v.

**Donald J. MEHAN, Defendant.**

**No. 71 C 147(1).**

United States District Court,
E. D. Missouri, E. D.

June 2, 1971.

James F. Koester, St. Louis, Mo., for plaintiff.

Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. As grounds for this motion, defendant alleges that the plaintiff's suit is barred by the statute of limitations, section 516.140, R.S.Mo. (1959), V.A.M.S.

This action for medical malpractice was instituted by the plaintiff in this Court on March 10, 1971, on the basis of diversity of citizenship and an amount in controversy in excess of $10,000. The present suit is the second one instituted by plaintiff on this cause of action for malpractice. Plaintiff's first action was filed in the Circuit Court of the City of St. Louis, Missouri, on August 28, 1969. Service was not obtained on defendant in that suit until February 4, 1971. The defendant, appearing specially, filed a motion to quash on the grounds that the Circuit Court of the City of St. Louis did not have jurisdiction over the case because venue was improper in that the defendant did not reside in the City of St. Louis. This motion was sustained and the case was dismissed.

Some additional facts pertinent to the history of this case are necessary for a thorough discussion of the defendant's contentions and are here set out. The defendant is a resident of St. Louis County, Missouri. The plaintiff is a resident of Arkansas. The place at which the alleged malpractice occurred is St. Mary's Hospital, which is located in St. Louis County. The only contact with the City of St. Louis that either

plaintiff or defendant has is that the defendant maintains an office in the City of St. Louis.

Venue was improper in the Circuit Court of the City of St. Louis in the prior suit. Section 508.010, R.S.Mo. (1959), requires a suit to be filed, when defendant is a resident of the state, either in the county where the defendant resides or in the county within which plaintiff resides and defendant may be found, or in tort actions, where the cause of action accrues, regardless of the residence of the parties. Plaintiff did not comply with this statute and the motion to quash service was properly sustained.

The present action was filed more than two years after the cause of action accrued to the plaintiff. The plaintiff seeks to toll the running of the statute of limitations on the basis of the prior suit filed in the Circuit Court of the City of St. Louis.

Under section 516.140, plaintiff's right to sue for medical malpractice is limited to a period of two years after the date of the injury. Under section 516.230, if the plaintiff had commenced an action within the two-year period after the date of injury, by filing suit in the proper court and thereafter suffered a nonsuit, it is his legal right to commence a new action from time to time within one year after such nonsuit is suffered. Section 516.230, R.S.Mo. (1959).

Consequently, the issue which is dispositive of this motion is whether the prior suit filed by plaintiff in the Circuit Court of the City of St. Louis— within the time authorized by law, but in the wrong forum—shall be deemed to be the commencement of an action for medical malpractice within the meaning and purview of the applicable statutes, such as to validate the instant suit.

Missouri courts have uniformly followed the majority rule that renewal statutes permitting the re-institution of suits disposed of on grounds not affecting the merits are applicable to suits dismissed because of lack of jurisdiction. Tice v. Milner, 308 S.W.2d 697 (Mo. 1957); Phillips v. Whittom, 354 Mo. 964, 192 S.W.2d 856 (1946); Wente v. Shaver, 350 Mo. 1143, 169 S.W.2d 947 (1943); Jackson v. Whitaker, 386 S.W. 2d 657 (Mo.App.1964); Ellmaker v. Goodyear Tire & Rubber Co., 372 S.W.2d 650 (Mo.App.1963); Krueger v. Walters, 238 Mo.App. 340, 179 S.W.2d 615 (1944). The statement found in Krueger v. Walters, supra, summarizes the law prevailing in Missouri as it affects the issue before this Court:

"The question to be determined is whether it can be said that plaintiff brought a suit, within the meaning of the statutes, when she filed her suit in the wrong county. The authorities in this State hold, in construing statutes of limitations, that when plaintiff knows that neither he nor the defendant are residents of the county where the suit is filed, such a proceeding is merely the filing of a pretended suit and it cannot be considered that any suit at all has been filed, the Court lacking jurisdiction. Conrad v. McCall, 205 Mo.App. 640, 226 S.W. 265; Mertens v. McMahon, Mo.App., 115 S.W.2d 180; See also Metzger v. Metzger, Mo.App., 153 S.W.2d 118; Wente v. Shaver, 350 Mo. 1143, 169 S.W.2d 947, 145 A.L.R. 1176. However, in the Wente case it was held that if the former suit is filed in good faith, that is to say, if an innocent mistake was made and there was no negligence or carelessness, the suit will be considered as having been filed, although filed in the wrong court. So, the question in this case resolves itself as to whether an innocent mistake was made in the filing of the former suit in the wrong court and that plaintiff was free from negligence in so filing it."

It is the opinion of this Court that the plaintiff and his attorney are not so free from negligence and carelessness in bringing the suit in the City of St.

Louis so as to toll the running of the statute of limitations. This Court finds that the suit filed in the City of St. Louis was not filed under a reasonable mistake, but that plaintiff and his attorney knew or should have known that the suit was not legally maintainable in the City of St. Louis. Therefore, the defendant's motion to dismiss will be granted.