Walter **GUFFEY**, Appellant,

v.

Donald **MEHAN**, Appellee.

No. 71–1367.

United States Court of Appeals, Eighth Circuit.

March 24, 1972.

Jack Egel, James F. Koester, St. Louis, Mo., for appellant.

Norris H. Allen, Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, Mo., for appellee.

Before GIBSON and HEANEY, Circuit Judges, and VAN PELT, Senior District Judge.

HEANEY, Circuit Judge.

The issue in this direct appeal is whether the District Court erred in holding that the Missouri statute of limitations barred the plaintiff's action for medical malpractice.

The alleged act of negligence occurred in February, 1968. On August 28, 1969, the plaintiff filed an action in the Circuit Court of the City of St. Louis. The plaintiff was unable to obtain service until February 4, 1971. The defendant, appearing specially, moved to quash service because venue was improper. The court granted the motion and dismissed the action.

On March 10, 1971, more than three years after the alleged act of negligence occurred, the plaintiff filed the present action in federal District Court. The applicable Missouri statute of limitations is two years. 34 V.A.M.S. § 516.140. The District Court dismissed the action because the statute of limitations had run. Guffey v. Mehan, 327 F.Supp. 908 (E.D.Mo.1971).

The plaintiff argues that his filing of the first action, in the state Circuit Court, tolled the statute of limitations by virtue of the following saving statute:

"If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, * * * such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered * * * "

34 V.A.M.S. § 516.230.

Saving or tolling statutes have been held applicable to litigants whose actions were dismissed because brought in the wrong forum through good faith, innocent mistake. See, Phillips v. Whittom, 354 Mo. 964, 192 S.W.2d 856 (1946); Wente v. Shaver, 350 Mo. 1143, 169 S.W.2d 947 (1943), reexamined and approved in Tice v. Milner, 308 S.W.2d 697 (Mo.1957); Jackson v. Whitaker, 386 S.W.2d 657 (Mo.Ct.App.1964); Ellmaker v. Goodyear Tire & Rubber Company, 372 S.W.2d 650 (Mo.Ct.App.1963); Krueger v. Walters, 238 Mo.App. 340, 179 S.W.2d 615 (1944). However, the negligent bringing of an action in the wrong forum will not toll the statute of limitations if the negligence is great enough. See, Phillips v. Whittom, *supra* at 857, Wente v. Shaver, *supra* at 954.

In determining whether a plaintiff is entitled to the benefits of the saving statute, a court should bear in mind that "[t]he tendency in this present day is definitely towards the elimination of obstacles invoked to escape trial upon the merits of a cause." Wente v. Shaver, *supra* at 954.

In the present case, the District Court stated:

"It is the opinion of this Court that the plaintiff and his attorney are not so free from negligence and carelessness in bringing the suit in the City of St. Louis so as to toll the running of the statute of limitations. This Court finds that the suit filed in the City of St. Louis was not filed under a reasonable mistake, but that plaintiff and his attorney knew or should have known that the suit was not legally maintainable in the City of St.

Louis. Therefore, the defendant's motion to dismiss will be granted."

Guffey v. Mehan, *supra* at 909–910.

After careful consideration of the entire record, we hold that the circumstances of this case do not justify denying the plaintiff the benefit of the tolling statute. The record includes an affidavit by the plaintiff's attorney stating that he brought the first action in the wrong forum because he believed, in good faith, that St. Mary's Hospital, where the cause of action accrued, was located in the City of St. Louis. Under Missouri law, a negligence action may be brought in the county where the cause of action accrues. 29 V.A.M.S. § 508.010(6) (Supp.1971). The plaintiff's attorney further stated that the hospital was in fact located in the County of St. Louis, but was only 800 feet beyond the city limits. The defendant did not dispute the proximity of the hospital to the city boundary, but asserted that counsel for the plaintiff " * * * had a multitude of matters concerned with that hospital", and thus should have known the exact location. However, the defendant produced no evidence in this regard, and there is no indication that the District Court relied on these assertions.

While the plaintiff's attorney should have been more diligent in ascertaining the exact location of the hospital, this is not enough to deny the plaintiff of the benefit of the saving statute. In the two cases in which such benefit has been denied, there was evidence in the record to show that the plaintiff should have known that he had chosen the wrong forum. In Phillips v. Whittom, *supra*, the plaintiff's counsel had read a newspaper account disclosing the defendant's whereabouts and had been informed, prior to the running of the statute of limitations, that he had brought suit in the wrong forum. In Jackson v. Whitaker, *supra*, the court found that the identity of the proper defendant was clear, and there was substantial evidence to suggest that the plaintiff knew or should have known that the defendant was not a resident of the county in which the suit was brought. There is nothing in this record to suggest that the plaintiff's mistake was other than innocent. We note also that there was no delay in filing this suit in federal court.

Furthermore, the record includes the affidavits of two deputy sheriffs which indicate that, in the original action, the defendant avoided service of process for approximately sixteen months. One deputy sheriff stated that " * * * [o]n one occasion I observed the defendant but he denied he was Donald Mehan and I therefore did not attempt to serve him on that occasion." In his affidavit, the plaintiff's attorney asserted that part of the reason for his inability to obtain service was that the defendant had tried to avoid service. The defendant does not deny these allegations, but contends that they are irrelevant. We disagree. The Missouri decisions, it seems to us, give great weight to equitable considerations. In evaluating such equitable considerations, we do not think it possible to ignore the defendant's own bad faith.

Reversed and remanded.