BERTHA HUSS, Appellant, v. HENRY C. BOHRER, — 295 S. W. 95.

Division One, May 24, 1927.

**1. ACTION FOR NEGLIGENT DEATH: By Wife: Within One Year: Limitation.** If the wife, within six months after her husband's death, brings suit for his negligently-caused death, and after the expiration of the six months, but before the expiration of one year, dismisses said action without prejudice and on the same day brings another on the same cause of action, her suit is not barred by any statute, but she has a whole year after the cause of action accrued in which to bring a suit for the cause of action which within the six months she has appropriated.

**2. ———: Accrual of Cause of Action: Within One Year: Statutes.** It is plain that the time limited for bringing the actions referred to in Sections 4217, 4218, 4219 and 4221, Revised Statutes 1919, when all are read together, is one year after the cause of action accrues, and the wife may sue for the negligent death of her husband, when there are no minor children, within one year, and where there are both wife and minor children the time for bringing the suit is not for that reason cut down, but the suit may still be brought within the year, so far as the defendant is concerned; and if the wife brings suit within six months she performs the preferential condition prescribed by Section 4217, and the bringing of the suit fully vests the cause of action in her, to the exclusion of the minor children; and regardless of whatever later disposition may be made of the suit, she can sue at any time within one year to enforce the cause of action thus within six months appropriated by her.

Corpus Juris-Cyc. References: Death 17 C. J., Section 82, p. 1234, n. 64; Section 83, p. 1235, n. 77; Section 119, p. 1270, n. 56.

Appeal from Circuit Court of City of St. Louis.—*Hon. Franklin Miller,* Judge.

REVERSED AND REMANDED.

*Hugh K. Wagner* and *Edwin A. Smith* for appellant.

(1) A voluntary dismissal without prejudice of the plaintiff's petition, by her attorneys, is a nonsuit within the meaning of Sec. 4221, R. S. 1919. Shaw v. Pershing, 57 Mo. 416; Wetmore v. Crouch, 188 Mo. 653; Mason v. Belt Ry. Co., 125 S. W. 1128; Johnson v. Street Ry. Co., 177 Mo. App. 298, 164 S. W. 128; Schroeder v. Burkel, 260 S. W. 63; McQuade v. St. L. & Sub. Ry. Co., 200 Mo. 150; Packard v. Railroad Co., 181 Mo. 421; Barker v. Railroad Co., 91 Mo. 86; McNamara v. Slavens, 76 Mo. 329; Shepard v. Railroad Co., 3 Mo. App. 553. (2) The words "dismissal" and "nonsuit" are synonymous and interchangeable terms and equivalent. Fanfan v. Sugar

Growers' Assn., 7 Porto Rico (Fed.) 352; Souders v. Portland Cement Co. 3 Ga. App. 99; Smith v. Superior Court of Napa County, 84 Pac. 54, 2 Cal. App. 529. (3) Dismissal without prejudice is no disposition of the controversy on its merits and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought. Newberry v. Ruffin (Va.), 45 S. E. 733; Gutheil v. Gilmer, 76 Pac. 631, 27 Utah, 496; Wiethaupt v. St. Louis, 59 S. W. 960, 158 Mo. 655.

*W. E. Moser* and *John S. Marsalek* for respondent.

(1). Statutes giving a right of action for damages for death must be strictly construed, and the plaintiff's petition must bring the case strictly within the terms of such statutes. McNamara v. Slavens, 76 Mo. 329; Coover v. Moore, 31 Mo. 574; Dulaney v. Railroad, 21 Mo. App. 597; Strotman v. Railroad, 211 Mo. 258; Troll v. Gas Co., 182 Mo. App. 600; Gilkson v. Railroad, 222 Mo. 173; Perry v. Strawbridge, 209 Mo. 621; Barker v. Railroad, 91 Mo. 92. (2) The petition purports to set up a cause of action for the death of plaintiff's husband, which, it is alleged, occurred more than six months prior to the filing of the suit. The petition further alleges that there were three surviving minor children; that plaintiff had filed a previous suit on the same cause of action, which prior suit she had dismissed. The latter allegation was not sufficient to bring the case within the meaning of Sec. 4221, R. S. 1919, permitting the refiling of such a suit within one year after plaintiff takes or suffers a nonsuit. 18 C. J. 1146; 9 R. C. L. 191; Mason v. Railroad, 226 Mo. 212; Schrader v. Burkel, 260 S. W. 63.

RAGLAND, J.—Action for death negligently caused. The petition was filed August 23, 1923. It alleges that Jacob William Huss died on the 16th day of December, 1922, leaving surviving him a widow and three minor children; that plaintiff is his widow; and that said Huss's death resulted from injuries received on December 8, 1922, when he was struck and knocked down by an automobile negligently driven and operated by defendant. It prays an award of damages in the sum of $10,000.

In connection with the statement of facts alleged to constitute a cause of action, the petition contains the following:

"Plaintiff further states that on January 6, 1923, she first filed suit against the defendant herein on and for the same right of action set forth in the petition in this cause, which said suit was returnable to the February, 1923, Term of the St. Louis Circuit Court; . . . and that thereafter, to-wit, on August 23, 1923, she dismissed the

said suit without prejudice and on the same day refiled her suit on the said right of action by this present suit.''

The trial court sustained a demurrer to the petition on the ground ''that the suit was not filed within six months after the death of plaintiff's husband as required by the statute.'' Plaintiff declining to further plead, final judgment was entered upon the demurrer. From that judgment this appeal is prosecuted.

According to the allegations of the petition: Plaintiff is the widow of the deceased; she sued within six months after his death; she subsequently dismissed the suit; and thereafter, after the expiration of the period of six months but within the year, she commenced the present action. Was it necessary that this second suit be brought within six months after the death of her husband, as held by the trial court? The answer must be derived from the relevant portions of Sections 4217, 4219 and 4221, Revised Statutes 1919.

According to Section 4217 the penalty therein provided for ''may be sued for and recovered: first, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased . . . .'' By Section 4219 the damages accruing under Section 4218 for death wrongfully or negligently caused (the section under which plaintiff's actions were brought) may be ''sued for and recovered by the same parties and in the same manner as provided in Section 4217.'' Section 4221 provides: ''Every action instituted by virtue of the preceding sections of this article shall be commenced within one year after the cause of action shall accrue.'' From a reading of these sections it is plain that the time limited for bringing the actions therein referred to, all of them, is *one year* after the cause of action accrued. A husband or wife, when there are no minor children, may sue at any time within a year. [Barker v. Railroad, 91 Mo. 86.] Likewise the minor children, if there be no husband or wife, have a year in which to commence an action. And where there are both husband or wife and minor children the time for bringing suit, so far as the defendant is concerned, is not for that reason cut down. It is still *a year.* But between husband or wife and the minor children, with respect to which shall be entitled to sue, the statute gives the former a preferential right, conditioned that he or she ''sue within six months after such death.'' In the instant case the wife fully performed the *condition;* she did sue within six months after her husband's death. The bringing of the suit fully vested the cause of action in her to the exclusion of the minor children. Regardless of the subsequent disposition made of that suit, her right to the action was thereby irrevocably established and that of the children forever cut off. [Packard v. Railroad,

181 Mo. 421.] Having so acquired the cause of action to the exclusion of the minor children, by the performance of the condition prescribed by Section 4217, plaintiff could thereafter sue to enforce the same within the time limited by Section 4221, namely, one year after the cause of action accrued. [Hayes v. Williams, 17 Colo. 465.] This she did.

The judgment of the circuit court is reversed and the cause remanded. All concur.