**Georgia ALMCRANTZ, Plaintiff-Appellant,**

v.

**Rowe CARNEY et al., Defendants-Respondents.**

No. 56287.

Supreme Court of Missouri, Division No. 1.

Feb. 12, 1973.

Smith & Askinosie, Wayne C. Smith, Jr., Springfield, for appellant.

Tweedie Fisher, Jefferson City, for respondents.

ROBERT G. RUSSELL, Special Judge.

Plaintiff is the surviving spouse of Henning Almcrantz, who died on September 30, 1968, as the alleged result of defendants' alleged negligence. Plaintiff brought suit for the wrongful death of her husband on August 5, 1970. Defendants thereafter filed a motion to dismiss which was sustained on November 4, 1970, on the basis that plaintiff's action was barred by limitations. Plaintiff has appealed from the order of dismissal.

The sole point raised in this appeal is whether plaintiff had one year or two years in which to file her action for the death of her husband. At the time of the death of Henning Almcrantz, he left no surviving minor or dependent children and no surviving parent.

Section 537.100, RSMo 1969, V.A.M.S., provides: "Limitation of action—effect of absence of defendant and nonsuit. Every

action instituted under section 537.080 shall be commenced within two years after the cause of action shall accrue; . . ."

Thus, plaintiff had two years to sue for the death of her husband unless her time to sue was shortened by some provision contained in section 537.080.

Section 537.080, RSMo 1969, V.A.M.S., provides: "Action for wrongful death—who may sue. Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered

"(1) By the spouse or minor children, natural or adopted, of the deceased, either jointly or severally; provided, that in any such action the petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under this subdivision; and provided, further, that only one action may be brought under this subdivision against any one defendant; or

"(2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death, or if the deceased be a minor and unmarried, then by the father and mother, natural or adoptive, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor; or if the surviving parents are unable or decline or refuse to join in the suit, then either parent may bring and maintain the action in his or her name alone, for the use and benefit of both such parents; or

"(3) If there be no husband, wife, minor child or minor children, natural born or

adopted as herein indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent."

Respondents contend that the provisions of 537.080(2) required that the plaintiff bring her suit within one year and that if she did not bring her suit within one year then the suit was barred. Thus, the question is posed as to whether or not the period of limitations of two years as prescribed in 537.100 was shortened by the provision of 537.080, subsection 2, or subsection 3.

 The courts of this State have long held that the period of limitations is not shortened, as far as the tortfeasor is concerned, by the existence of more than one class of persons such as the surviving spouse or minor children. Huss v. Bohrer, 317 Mo. 204, 295 S.W. 95 (1927); Barker v. Hannibal-St. Joseph Railroad Co., 91 Mo. 86, 14 S.W. 280 (1886); Krueger v. Walters, 238 Mo.App. 340, 179 S.W.2d 615 (1944); Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920 (1933). In the present case, there was only one class in existence which was empowered to sue under subsection 1, and that was the surviving spouse who did sue within a two-year period. Under subsection 2, there was no person or class of persons who were entitled to sue as the result of any right conferred by subsection 2. We therefore hold that plaintiff's time to sue was not shortened by subsection 2 since there was no other class of persons entitled to sue under that subsection. We further find that subsection 3 of 537.080 is not applicable since there was a surviving wife. Had there been no surviving wife, then the suit would have had to have been maintained by the administrator or executor, but in this case there was a surviving spouse and thus the provisions of subsection 3 did not come into play.

It seems clear that the legislature in enacting the new wrongful death act in 1967 intended to broaden the scope of the act rather than to restrict it. For example, the period of limitations was raised from one year to two years, and the amount which could be recovered for the death of a person was raised from $25,000 to $50,000. While it is true that statutes of this type are generally to be strictly construed, it is also true that where the intent of the legislature is clear, then such acts ". . . shall be liberally construed, so as to effectuate the true intent and meaning thereof." Section 1.010, RSMo 1969, V.A.M.S. It seems clear to the court in a case of this type where there is no surviving minor or dependent child, and where there is no surviving parent, but there is a surviving spouse, then the surviving spouse has two years in which to bring the action for the death of his or her husband or wife.

Accordingly, this case is reversed and remanded.

HOLMAN, P. J., concurs.

BARDGETT, J., concurs in separate concurring opinion filed.

SEILER, J., not sitting.

BARDGETT, Judge (concurring).

I concur but believe it necessary for me to state that the basis of my concurrence is that the only statute of limitations available to the defendant in a wrongful death case is the two-year statute of limitations set forth in § 537.100, V.A.M.S. Therefore, it is my opinion that plaintiff here, the surviving spouse of the deceased, would not be barred from instituting this wrongful death suit prior to the expiration of the two-year period even if the deceased had left surviving him, in addition to his spouse, a mother or father, because, as the principal opinion states, "the period of lim-

itations is not shortened, as far as the tortfeasor is concerned, by the existence of more than one class of persons such as the surviving spouse or minor children" and, I would add, "or a mother or father."