Hope **MONTEMAYOR** et al., Appellants,

v.

**Lyle A. HARVEY, d/b/a Midland Bottling Company and John A. Wilson,** Respondents.

No. 56831.

Supreme Court of Missouri, Division No. 1.

Feb. 12, 1973.

Downs & Pierce, Don Pierce, St. Joseph, for plaintiffs-appellants.

Joseph B. Bott, Kansas City, for respondents.

LAURANCE M. HYDE, Special Commissioner.

Action for $50,000 damages for wrongful death of Blas Montemayor, husband of plaintiff Hope Montemayor. The cause was dismissed by the court and this appeal is from the judgment of dismissal. We have jurisdiction because of the amount involved since the notice of appeal was filed in this court April 26, 1971. We reverse and remand.

A motion to strike a statement of a member of the Missouri General Assembly, taken with the case, is overruled because we consider this statement as in the nature of an amicus curiae brief.

Plaintiff, wife of deceased, filed her petition herein on September 30, 1970. The collision in which her husband was killed was on November 7, 1968. The amended wrongful death act on which her claim is based was enacted in 1967 (Laws 1967, p. 663) and the time in which suit could be brought was extended from the previous limitation. The issue in this case is whether the widow's action was within the extended authorized limitation period. Plaintiff's children were not plaintiffs in the original petition, filed September 30, 1970, or in the first amended petition, filed February 24, 1971. The children were first stated to be plaintiffs in the second amended petition filed March 15, 1971. Defendant's brief in its points and authorities raises only the issue of whether plaintiffs' action was filed within the time the statutes permit. However as to later joining the children as plaintiffs see Nelms v.

Bright, Mo.Sup. en Banc, 299 S.W.2d 483 (1957).

The real contested issue is whether the action by plaintiff, wife of the deceased, had to be filed in one year after her husband's death (which was not done) or whether her filing within two years was permitted under §§ 537.080–537.100, RSMo, V.A.M.S.

The General Assembly has substantially changed our Wrongful Death Act in recent years. In 1955 (Laws 1955, p. 778) it repealed the original stagecoach, steamboat and railroad penalty statute (then § 537.070 RSMo 1949), which was enacted in 1855, and revised § 537.080, the compensatory wrongful death statute. It also increased the maximum amount of recovery to $25,000. § 537.090 RSMo 1959. In 1967 (Laws 1967 p. 663) another revision enacted present § 537.080 RSMo 1969, hereinafter set out, and increased the maximum amount of recovery to $50,000 (§ 537.090 RSMo 1969). The limitation period was extended to "two years after the cause of action shall accrue." (§ 537.100 RSMo 1969) The option of children to sue, if the spouse did not, was changed by authorizing them to join in the action of the spouse.

Section 537.100 provides: "Every action instituted under section 537.080 shall be commenced within two years after the cause of action shall accrue; * * *."

Section 537.080 is as follows: "Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered

"(1) By the spouse or minor children, natural or adopted, of the deceased, either

jointly or severally; provided, that in any such action the petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under this subdivision; and provided, further, that only one action may be brought under this subdivision against any one defendant; or

"(2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death, or if the deceased be a minor and unmarried, then by the father and mother, natural or adoptive, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor; or if the surviving parents are unable or decline or refuse to join in the suit, then either parent may bring and maintain the action in his or her name alone, for the use and benefit of both such parents; or

"(3) If there be no husband, wife, minor child or minor children, natural born or adopted as herein indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent."

Defendants contend the right of the surviving spouse to sue is barred if suit is not brought within one year after the death of the deceased spouse. This contention is based on the provision of § 537.080 which gives the right to sue to the father and mother of the deceased "if the spouse or minor children fail to sue within one year after such death." In this case it is alleged as to deceased (in an amended petition) that "at the time of his death, neither his father or mother were living."

A similar contention as to limitations was made concerning the original wrongful death statutes in Barker v. Hannibal & St. J. R. Co., 91 Mo. 86, 14 S.W. 280 (1886) when the wife had six months after her husband's death to sue and if she failed to do so the minor child or children of deceased could do so within one year. In that case the wife sued after six months but within one year. It was held: "The right of the husband or wife to sue is absolute for and during the six months after the death. Thereafter, it is within the year, as we think a conditional right. * * * [W]here the action is brought by the widow after the expiration of the six months, her right to maintain the same is conditional, and depends on the nonexistence of the minor children." Barker was cited in Huss v. Bohrer, 317 Mo. 204, 295 S.W. 95 (1927) which said: "A husband or wife, when there are no minor children, may sue at any time within a year." We hold that under the present statutes a husband or wife, when there is no living father or mother of the deceased, may sue at any time within two years.

The judgment of dismissal is reversed and the cause remanded.·

PER CURIAM:

The foregoing opinion by HYDE, Special Commissioner, is adopted as the opinion of the Court.

HOLMAN, P. J., and SEILER, J., concur; BARDGETT, J., concurs in separate concurring opinion filed.

BARDGETT, Judge (concurring).

I concur for the reasons stated in my concurring opinion in Almcrantz v. Carney, Mo., 490 S.W.2d 59, handed down concurrently herewith.