Tonya Georgette WESSELS, a minor, by
Luanna Sams, her next friend,
Plaintiff-Appellant,

v.

Howard GIPFEL, Jr., Defendant-
Respondent.

No. 36046.

Missouri Court of Appeals,
St. Louis District,
Division 4.

April 22, 1975.

Friedman & Fredericks, Oval A. Phipps,
Clayton, for plaintiff-appellant.

Heneghan & Roberts, Inc., Kemper R.
Coffelt, Jay G. Newquist, St. Louis, for
defendant-respondent.

ALDEN A. STOCKARD, Special
Judge.

Plaintiff has appealed from the judg-
ment of the circuit court dismissing her pe-
tition for compensatory damages resulting
from the alleged wrongful death of her pu-
tative father.

Certain facts are admitted, or for the
purpose of this appeal are assumed by the
parties. George Wessels, age twenty-five,
met his death on October 24, 1971, by rea-
son of the negligence of Howard Gipfel,
Jr., respondent. At the time George Wes-
sels was not married and was living with
his widowed mother, Juanita Wessels, and
was her principal source of support. On

November 10, 1971, Juanita Wessels brought suit against Howard Gipfel, Jr. for the wrongful death of her son. That suit was dismissed on April 30, 1973, pursuant to a stipulation, apparently as the result of a negotiated settlement.

On August 28, 1973, almost four months after the dismissal of the wrongful death suit brought by the mother of George Wessels, the petition in this suit to obtain compensatory damages for the wrongful death of George Wessels was filed by Tonya Georgette Wessels. For the purposes of this appeal we accept as a fact that George Wessels was the natural father; that Luanna Sams is the mother of plaintiff; that plaintiff was born on May 16, 1972; and that George Wessels and Luanna Sams were never married.

The trial court dismissed plaintiff's petition on the basis that it was barred by the statute of limitations, and plaintiff has appealed.

There is no contention that an illegitimate child does not have the same right to sue for the wrongful death of its natural father which occurred before its birth, as a child whose mother was married to the natural father at the time of the father's death. See the annotation at 38 A.L.R.3d 613. Whatever right either has is now governed by § 537.080 to § 537.100, RSMo 1969, V.A.M.S., and it is only by virtue of these statutes, comprising what is called the Wrongful Death Act, that any claim or cause of action accrues. Knorp v. Thompson, 352 Mo. 44, 175 S.W.2d 889 (1943); Nelms v. Bright, 299 S.W.2d 483, 487 (Mo. banc 1957).

 By reason of the construction placed by the courts on previous wrongful death acts, and the relation between those provisions and the provisions of the present Wrongful Death Act, we will first refer to the previous provisions and the judicial construction of them. However, as to any wrongful death statute, "A party suing under the statute . . . must bring himself in his pleading and proof strictly within the statutory requirements necessary to confer the right. Otherwise his petition states no cause of action, and his proof is insufficient to sustain his judgment. Only such persons can recover (and in such time and in such manner) as the letter of the law prescribes. Only such persons may sue as the statute permits, and they alone can sue. . . . It must 'be conceded that the section reserves to itself the exclusive power of naming those who can maintain the action and of fixing the time in which each of the enumerated persons could sue.' " Chandler v. Chicago & A. R. Co., 251 Mo. 592, 158 S.W. 35, 37 (1913). Also, "The wrongful death statute creates but one indivisible cause of action which remains the same whether enforceable by the surviving spouse, by the minor child or children, or by the others named in the statute." Nelms v. Bright, supra, at p. 487.

Prior to the amendment of the wrongful death statute, Laws of 1967, p. 663, effective October 13, 1967, what was then §§ 537.080, 537.090 and 537.070, provided that the damages for wrongful death could be sued for and recovered:

(1) By the husband or wife of the deceased; or

(2) If there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, . . . ; or

(3) If such deceased be a minor and unmarried . . . [other provisions not here applicable]; or

(4) If there be no husband, wife, minor child or minor children, . . . [other provisions not here applicable].

What was then § 537.100 provided that "Every action instituted under section 537.-080 shall be commenced within one year after the cause of action shall accrue; . . . ."

In Uber v. Missouri Pacific Railroad Company, 441 S.W.2d 682 (Mo.1969) the cause of action was governed by the above provisions. The alleged wrongful death occurred on February 24, 1967. On February 21, 1968, more than six months but less than one year after the death, suit was filed in which the widow and a minor son were named as plaintiffs. On May 31, 1968, the minor son voluntarily dismissed the petition as to him only. The court held: "As this case reaches this court, there is but one plaintiff, the widow, the original co-plaintiff [minor son] having voluntarily dismissed without prejudice the petition as to him only. . . . It must be kept in mind that when this cause of action accrued the Wrongful Death Act contained two periods of limitation bearing on this case; the first provided that the widow, if there be minor children, shall sue within six months after the death; the second provided that every action instituted under the Act shall be commenced within one year after the cause of action accrued. The petition alleges that the decedent was survived by a minor child as well as by appellant [widow]. Therefore, at the time the cause of action accrued, appellant had six months in which to institute her suit after which if she failed to do so, the cause of action vested in the minor child."

In Forehand v. Hall, 355 S.W.2d 940 (Mo.1962) the widow, who was the administratrix of the estate, brought suit as administratrix, not as the widow, for damages for the wrongful death of Arthur Cobb. However, Arthur Cobb had died leaving surviving him a widow and a minor child. Neither commenced any action within the then one year maximum period. The court held: "Under § 537.080 his surviving wife was entitled to sue in her own name and right within six months after [the date of death], . . . This she did not do. The cause of action not having been appropriated by the surviving wife within the period authorized by the statute, the right to maintain the suit then passed to and vested in minor child . . . To

avail himself of his cause of action [the] minor child . . . was 'required to file suit within one year from the date of death of deceased.' . . . This he did not do. The statute of limitations therefore ran on the minor child's cause of action [one year after the death of the father]."

It thus appears that under the Wrongful Death Act as it existed prior to the amendments in 1967, the specified periods in which suits were permitted to be commenced by those designated, were periods of limitation, and failure to comply with the provisions resulted in a forfeiture of the right to maintain the suit for wrongful death.

By the amendments in 1967 which resulted in the provisions applicable to this suit, certain changes were made. Section 537.-080 now provides:

"Action for wrongful death—who may sue. Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or fault is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered

"(1) By the spouse or minor children, natural or adopted, of the deceased, either jointly or severally; provided, that in any such action the petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under this subdivision; and provided, further, that only one action may be brought under this subdivision against any one defendant; or

"(2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death . . . then by the father or mother

. . . [other provisions not here applicable]."

Section 537.100 now provides that "Every action instituted under section 537.080 shall be commenced within two years after the cause of action shall accrue; . . ."

There was no change in the basic theory of the Wrongful Death Act. The class of persons who had first priority to sue was changed, the time in which they were permitted to sue was extended to one year, and the maximum period in which any suit could be brought was extended from one year to two years. Therefore, the construction of the Wrongful Death Act prior to the 1967 amendments which resulted in the present Act is applicable to the present Act, subject only to the changes made in the definition of classes and the lengthening of the periods of limitation.

In Almcrantz v. Carney, 490 S.W.2d 59 (Mo.1973), the surviving spouse brought suit for the wrongful death of her husband more than one year but less than two years after his death. It was held: "In the present case, there was only one class in existence which was empowered to sue under subsection 1, and that was the surviving spouse who did sue within a two-year period. Under subsection 2, there was no person or class of persons who were entitled to sue as the result of any right conferred by subsection 2. We therefore hold that plaintiff's time to sue was not shortened by subsection 2 since there was no other class of persons entitled to sue under that subsection." The same result was reached under a similar set of facts in Montemayor v. Harvey, 490 S.W.2d 61 (Mo.1973).

Applying these principles to the facts of this case, we find that appellant, a member of the class of persons described in subsection 1, did not commence her suit for wrongful death within one year "after such death." Assuming, but not ruling, that this period was extended for the reason that she was not born until approximately seven months "after such death,"

she did not commence her suit within one year after her birth. There was in existence a member of the class of persons described in subsection 2, and this difference removes this case from the rule announced in the Almcrantz and Montemayor cases.

Perhaps without knowledge of the unborn child the mother of the deceased, prematurely as it turned out, filed suit during the first year following the death of her son. That was the period within which appellant could have, but did not, appropriate the cause of action. At the termination of the "one year" referred to in subsection 2 the statute of limitations ran on appellant's cause of action, and the cause of action was subject to appropriation by the mother. Her suit was already pending, and it was her privilege to prosecute it to judgment or to settle pursuant to stipulation.

The judgment is affirmed.

SMITH, C. J. and NORWIN D. HOUSER, Special Judge, concur.