Deborah Langford SELSOR and Shawn Olen Langford, a minor, by next friend, Deborah Langford Selsor, Plaintiffs-Appellants,

v.

ZENITH RADIO CORPORATION of Missouri, Defendant and Third-Party Plaintiff-Respondent,

v.

DeWITT-NEWTON, INC., Third-Party Defendant and Third-Party Plaintiff,

v.

A-ONE MANUFACTURING COMPANY, Third-Party Defendant.

No. 59289.

Supreme Court of Missouri, En Banc.

April 14, 1976.

Donald E. Woody and Warren S. Stafford, Taylor Stafford & Gannaway, Springfield, for plaintiffs-appellants.

Kenneth H. Reid and Meredith B. Turner, Springfield, for respondent.

HOLMAN, Judge.

This is a wrongful death case filed by the widow and minor child of deceased against Zenith Radio Corporation of Missouri. Zenith filed a petition as third-party plaintiff against its general contractor, DeWitt-Newton, Inc. Apparently DeWitt, in turn, filed a third-party petition against decedent's employer, A–One Manufacturing Company.

The trial court ordered a separate trial of plaintiffs' claim against defendant Zenith. Zenith filed a motion for summary judgment on the claim of plaintiffs. That motion was heard by the court and sustained. The judgment for Zenith entered accordingly was designated by the court in accordance with Rule 81.06 as a final judgment for purposes of appeal. Plaintiffs appealed to the Springfield District of the Missouri Court of Appeals. Upon joint application of the parties we ordered the case transferred to this court before opinion.

The relevant facts are not in dispute. James Langford was killed while on defendant's property on March 13, 1973. He left surviving the plaintiffs and also his mother. The mother filed an affidavit stating that deceased was not contributing to her support and that she did not incur any pecuniary loss by reason of his death. The instant suit was filed on October 16, 1974. The mother did not file any suit.

It is obvious from the facts stated that the question for decision by the trial court (and this court on appeal) was whether plaintiffs, as decedent's widow and minor child, could maintain the wrongful death action which was filed more than one year but less than two years after decedent's death. See Section 537.080, RSMo 1969, V.A.M.S.

The question presented has been ruled adversely to plaintiffs in the case of *State of Missouri, ex rel., Kansas City Stock Yards Company of Maine, Petitioner, vs. Honorable Donald B. Clark, Judge of the Circuit Court of Jackson County, Missouri, Respondent,* No. 59217, decided concurrently herewith. While this case comes to us in a different posture and while the *Clark* case had issues presented that are not instantly before us the precise question here presented was decided therein. We have carefully searched the briefs and do not find any theory suggested or case cited as authority which were not considered in *Clark*. It accordingly follows that it would be useless duplication and a waste of space and time to discuss herein the reasoning and authorities which led to our decision in *Clark* and which controls and dictates our ruling on the question presented in the case at bar.

We accordingly rule that the plaintiffs cannot maintain this action and that the trial court properly entered a summary judgment in favor of defendant.

Judgment affirmed.

MORGAN, HENLEY, FINCH and DONNELLY, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

SEILER, C. J., dissents and concurs in separate dissenting opinion of BARDGETT, J.

BARDGETT, Judge (dissenting).

I respectfully dissent for the same reasons set forth in my dissent in *State ex rel. Kansas City Stock Yards v. Clark*, 536 S.W2d 142 (Mo. banc 1976), except for that portion of my dissent which treats with sec. 537.100, RSMo 1969, the wrongful death tolling statute. This is not a suit by the employee's widow and children against the employer but rather against a defendant that was not involved in the workmen's compensation claim.

Here, as in *State ex rel. Stock Yards v. Clark, supra,* we do have the affidavit of the surviving mother in this case stating that she had no pecuniary loss by reason of her son's death. She did not file a wrong-

ful death suit and the two-year statute has expired. The deceased's mother has, in my opinion, abandoned the action and left things the same as if she did not survive her son, and so for these reasons and the other reasons stated in my dissent in *State ex rel. Kansas City Stock Yards v. Clark, supra,* I am of the opinion that the judgment of the circuit court should be reversed and the cause remanded for trial on the merits.

Therefore, I dissent.