Donald **EDMONSOND** et al., Appellants,

v.

**LAKESIDE HOSPITAL ASSOCIATION**
et al., **Respondents.**

No. 60013.

Supreme Court of Missouri,
En Banc.

March 13, 1978.

Robert VanHorn, Kansas City, for appellants.

Darrell L. Havener, Thomas N. Sterchi, William T. Smith, III, Kansas City, for respondents.

NORWIN D. HOUSER, Special Judge.

Donald and Steven Edmonsond, aged 17 and 14 years, respectively, through their father and next friend, William Edmonsond, brought this action against a hospital association, a clinic, three osteopathic physicians and surgeons and the executrix of a fourth osteopathic physician and surgeon, for $900,000 damages for the death of their mother, Donna P. Edmonsond. Mrs. Edmonsond was admitted to and operated upon in the defendant hospital. She died the same day she was dismissed from the hospital. The petition alleged that her death was caused or contributed to by defendants' negligent abandonment of care and early dismissal from the hospital without advising her or her husband of the risks involved and the care she would require upon dismissal.

Defendants filed motions to dismiss or alternatively to render summary judgment for defendants on the basis that (1) the depositions, pleadings and records demonstrated no genuine issue of material fact, and that (2) the minor children of deceased were improper parties plaintiff in that they had "brought an action which no longer vested in them under R.S.Mo. 537.080, and further that any cause of action for wrongful death which might have been brought by any other person whomsoever is now barred by the two-year limitation of actions contained in R.S.Mo. 537.100; therefore, plaintiffs' Petition fails to state a claim upon which relief can be granted." These motions were overruled by Division 4 of the circuit court. At a later term of court, on motion to reconsider, Division 9, presided over by a different judge, sustained these motions and entered judgment for defendants without conducting a hearing. Plaintiffs appeal, claiming denial of due process of law; asserting that Division 9 illegally sat as an appellate judge in reversing the decision of another coequal judge of the same circuit; erred in setting aside the order previously made in Division 4, and erred in not calling for oral arguments and giving plaintiffs an opportunity to be heard before entering summary judgment.

The judgment did not state the basis upon which the court acted, but under the undisputed facts relief cannot be granted these plaintiffs on this petition. Regardless of the charges of procedural error and denial of due process, upon which it is not necessary to pass, the circuit court acted properly in entering summary judgment for defendants and dismissing the petition for the reason that at the time these minor children filed suit they were not the proper parties to maintain an action for the wrongful death of Donna P. Edmonsond.

■ Donna P. Edmonsond died December 13, 1973. She was survived by her husband, two minor children, and her father and mother, all of whom are still living. Under § 537.080, RSMo 1969, as last interpreted in *State ex rel. Kansas City Stock Yards v. Clark*, 536 S.W.2d 142 (Mo. banc 1976), the claim for Donna's wrongful death accrued on the date of her death, and vested first in the spouse and minor children who, in case (as here) deceased left surviving a father and mother, were obliged to exercise their preferred right by filing suit within one year from the date of death. The minor children did not do so. They filed this action March 13, 1975, fifteen months to the day from the date of death. Having failed to appropriate their cause of action before the expiration of one year from December 13, 1973 the minor children were barred from asserting a cause of action for their mother's wrongful death because they failed to timely perfect an essential element of their claim for relief. On December 13, 1974 the claim for wrongful death of Donna passed to and vested in Donna's parents, and when this action was filed on March 13, 1975 plaintiffs were not the proper parties to maintain the action.

■ In an effort to save their claim against one of the defendants (Dr. M) plaintiffs contend that as to him the one-year limitation period was tolled by virtue of the following record facts: During the year immediately following Donna's death Dr. M resided on Reinhardt Drive in Shawnee Mission, Kansas, where he spent between 80 and 90 hours a week. He maintained an office at 8900 State Line Road in Leawood, Kansas, across State Line Road from the Ward Parkway Shopping Center, at which office he examined patients, held consultations and rendered treatment both before and after hospitalization for surgery, four days each week, amounting to 8–10 hours per week. These office examinations constituted approximately 10% of his total practice. He performed his medical specialty of surgery at hospitals in Missouri, saw hospital patients presurgically and postsurgically in Missouri hospitals, examined and treated patients in the emergency rooms in hospitals in Missouri, was acting Chairman of the Department of Surgery at the Kansas City College of Osteopathic Medicine and Health Sciences in Missouri, and attended hospital staff and committee meetings in Missouri hospitals. The Mis-

souri involvement approximated 90% of his total practice.

Plaintiffs contend that the foregoing facts bring the case within the saving grace of § 537.100, RSMo 1969, which provides that " * * * if any defendant, whether a resident or nonresident of the state at the time any such cause of action [for wrongful death under § 537.080] accrues, shall then or thereafter be absent or depart from the state, so that personal service cannot be had upon such defendant in the state in any such action heretofore or hereafter accruing, the time during which such defendant is so absent from the state shall not be deemed or taken as any part of the time limited for the commencement of such action against him; * * * ." Plaintiffs reason that Dr. M was unavailable for service as required by statute; that since personal service could not be had on him in Missouri, as required by § 537.100, RSMo 1969, at the times he was in Kansas, that time is not deemed part of the time limited for the commencement of the action; that during the year following Donna's death Dr. M was living and working in Kansas a majority of the time; that he spent a total of about 100 hours a week in Kansas, or 5200 hours a year, which figures 216 days of the first year after this action accrued that Dr. M was absent from Missouri "and therefore unavailable for service." Presumably, plaintiffs would have the court add 216 days to the one-year limitation provided by § 537.080, on the theory that the statute was thereby tolled beyond March 13, 1975, on which date they filed this action. In the first place, it is not a question of tolling the statute. It is a question of proper parties plaintiff.

■ There is no precedent for the proposed computation and we reject the proposal not only as contrary to law but also as impractical and unworkable. "Absent from the state" as used in § 537.100, supra, does not contemplate temporary absences, see *Spiegel, Inc. v. Luster*, 31 Tenn.App. 342, 215 S.W.2d 16 (1948), or situations such as this, in which the defendant is in the state part of each day and out of the state part

of each day. Furthermore, the absence referred to was not an absence which made it impossible to obtain personal service upon the defendant in this state. § 537.100, supra; *State ex rel. Shipman v. Allen*, 124 Mo.App. 465, 103 S.W. 1090[7] (1907); 54 C.J.S. Limitations of Actions § 212e(1). On plaintiffs' own figures, Dr. M was in Missouri 68 hours each week during the year following December 13, 1973, and there is nothing to show why Dr. M was not available for personal service in Missouri during the 3536 hours he was in Missouri that year.

Judgment affirmed.

MORGAN, C. J., and HENLEY, FINCH and RENDLEN, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

SEILER, J., dissents for reasons stated in dissent of BARDGETT, J., in *State ex rel. Kansas City Stock Yards v. Clark*, 536 S.W.2d 142, 149 (Mo. banc 1976).

DONNELLY, J., not sitting.

BARDGETT, Judge, dissenting.

I respectfully dissent. This is another case brought by minor children for the death of a parent—mother—where access to the courts is again denied because the children did not sue within the first year of their mother's death even though the general statute of limitations on wrongful death actions is two years. This case is decided here by following the majority opinion in *State ex rel. Kansas City Stock Yards v. Clark*, 536 S.W.2d 142 (Mo. banc 1976).

I will not fully restate my views on the matter. See my dissenting opinions in *State ex rel. Kansas City Stock Yards, supra*, at 149, and *Selsor v. Zenith Radio Corp.*, 536 S.W.2d 157 (Mo. banc 1976); and concurring opinions in *Montemayor v. Harvey*, 490 S.W.2d 61 (Mo.1973), and *Almcrantz v. Carney*, 490 S.W.2d 59 (Mo.1973).

In the instant case the deceased died December 13, 1973. Suit was filed on behalf of her two minor children on March 13, 1975, some fifteen months later. On July

28, 1976, the first motion to dismiss or for summary judgment on the ground that the deceased was survived by her mother was filed. This was well after the two-year statute of limitations had expired but as of the end of the two-year-limitations period there was no suit filed or pending by the mother of the deceased. The effect of waiting until after the two-year period expired before moving to dismiss because the deceased was survived by her mother is to relieve the defendants of all liability for the death of Mrs. Edmonsond. If the minor children's suit is permitted to proceed, having been filed within the two-year period, and there being no suit by the surviving mother on file, the defendants would not be subjected to any more liability than if the mother had not survived the deceased, and therefore the children would have had two years to sue. See *Almcrantz* at 61, and Montemayor, *supra*. I would hold that the defendants' failure to bring to the court's attention the fact that the deceased left a surviving mother within the two years following the death and seek dismissal on that ground constituted a waiver of that ground.

I believe this course is wholly justified by the mandate of sec. 1.010, RSMo 1969, which in pertinent part provides: "but no act of the general assembly or law of this state shall be held to be invalid, or limited in its scope or effect by the courts of this state, for the reason that it is in derogation of, or in conflict with, the common law, or with such statutes or acts of parliament; but all acts of the general assembly, or laws, shall be liberally construed, so as to effectuate the true intent and meaning thereof."

Certainly the primary intent, meaning and purpose of our wrongful death act was and is to provide a method to compensate children for the loss of their mother or father by death through another's negligence. Sec. 1.010 tells courts to *construe* acts liberally so as to effect their true intent and meaning and to disregard any aspect of the *common law* which, if considered, might limit the scope and effect of the statute.

This is at least the third case (known to us) in a relatively short time where widows or minor children have been denied the benefit of our wrongful death statute simply because the deceased was survived by a parent even though the parent made no claim. I do not suggest that the principal opinion and the cases it relies upon present an unreasonable view, but I do contend that the view taken in those cases does not comport with the legislative policy set forth in sec. 1.010 because *Almcrantz* and *Montemayor* show that the true intent and purpose of the wrongful death statute can be satisfied by construing that statute liberally as directed by sec. 1.010.

I dissent.