**Jenny Elizabeth KAUSCH, a minor by her next friends, Michael Kausch, et al., Plaintiffs-Appellants,**

v.

**Dr. Marion D. BISHOP, M. D., Defendant-Respondent.**

**No. 60632.**

Supreme Court of Missouri, En Banc.

July 24, 1978.

Edward P. Burke, Robert S. Moss, Wion, Burke & Boll, Clayton, for plaintiffs-appellants.

Joel D. Monson, Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, for defendant-respondent.

SIMEONE, Judge.

This case presents a unique and heretofore unresolved question concerning the right of a child of a deceased unmarried minor to maintain an action for damages under the Missouri Wrongful Death Act. §§ 537.080, 537.100, RSMo 1969.

The precise issue confronting us is whether an infant child of a deceased unmarried minor who is survived by a mother and father may commence an action for the wrongful death of her mother after a period of one year but prior to the expiration of two years from the date of the mother's death allegedly caused by the negligence of the defendant.

The trial court dismissed two counts of the petition relating to the child's claim because the petition was not brought within a period of one year. The trial court, consistent with the Rules, designated the dismissal of the child's petition as a final, appealable order and the child appealed to the Court of Appeals, St. Louis District. That district reversed the judgment and held, in an opinion dated January 10, 1978, that the child of a deceased unmarried minor could maintain an action for the wrongful death of her mother within two years from the date of the mother's death.

After the opinion of the Court of Appeals was handed down, we granted the respondent's motion to transfer and now decide the case as on original appeal. Article V, § 10, Rule 83.03.

The facts of this case are relatively simple but the resolution of the legal issue is not easily settled in view of the present statutes relating to wrongful death.

On August 12, 1976, a petition for damages for the wrongful death of Joanna Kausch, an unmarried minor, was filed. The petition was in four counts. Counts I and II sought damages by Joanna's two year old daughter, Jenny Elizabeth Kausch by and through her next friends Michael and Irene Kausch, the infant's grandparents.[1] Count I sought actual and Count II sought punitive damages. Counts III and IV brought by the parents of Joanna—Michael and Irene Kausch, individually—sought damages for "loss of services" and for "wrongful death" of their "unmarried minor" daughter.[2]

On September 21, 1976, respondent—Dr. Marion D. Bishop, M.D., filed his motion to dismiss Counts I and II because (1) the child's mother, Joanna, died on June 13, 1975; (2) that Jenny Elizabeth was a surviving minor child of Joanna; (3) that §§ 537.080 and 537.100 provide that the minor child "must file its action for wrongful death within one year after death"; and (4) that because the action was filed on August 20 [sic—12th?] it was not timely filed, hence Counts I and II should be dismissed. After the motion was submitted and argued, the trial court sustained the defendant-respondent's motion to dismiss Counts I and II, and designated, nunc pro tunc, the dismissal as a final appealable order under Rule 81.06.

On this appeal, appellant, Jenny Elizabeth Kausch contends that the trial court erred in dismissing Counts I and II because the deceased, Joanna, was an unmarried minor and therefore (a) the child *or* the parents may file suit within two years, or (b) the child and the parents may file suit jointly or severally within two years, or (c) the child having brought suit within two years, the child appropriated the action for wrongful death. The appellant argues that § 537.080, subsection (2) provides that the parents have an immediate claim upon the death of the daughter Joanna[3] and § 537.080, subsection (1) provides that the deceased's minor child may bring the action upon her mother's wrongful death. She argues that the one year limitation requirement—if a minor child fails to sue within one year—has been held applicable only to situations where the right of action "pass-

1. The petition for appointment of next friends was filed and approved on August 18, 1976. The petition alleged that Joanna died on June 13, 1975, in St. Louis due to the negligence of the defendant.

2. Although the briefs indicate otherwise, the child's petition for damages for wrongful death did not indicate that Joanna was an unmarried minor. This fact appeared only in Count III of

the parents' action for loss of services. The parties, however, do not dispute that Joanna was an unmarried minor and the daughter of Irene and Michael Kausch.

3. ". . . if the deceased be a minor and unmarried, then by the father and mother . . . ." Section 537.080(2).

es" to the parents of a child, and where there are no parents for the claim to "pass" to the spouse or minor children the children have two full years within which to sue. She also argues that where there is no preferential class of beneficiaries for wrongful death and each class stands on the same footing, the one year requirement that a minor child sue within one year is inapplicable; hence both the minor child under § 537.080(1) and the parents under § 537.080(2) have two years under § 537.100 to maintain an action for the death of an unmarried minor who leaves a minor child. She urges us to liberally construe § 537.080 to reflect the intent of the General Assembly to provide a remedy for those who suffer a loss as a result of another's wrongful death.

Appellant concludes by contending that the legislative intent is to grant to *either* the child or the parents of the deceased unmarried minor the right to sue within two years so that both child and parents have the right to maintain the action.

Respondent, Dr. Bishop, on the other hand contends that the statute, § 537.080 clearly provides that since the child, Jenny, did not commence her action within one year after the death of her mother, Joanna, she has no claim, and the right of action "passes" to the deceased's parents. Respondent, however, concedes in his brief that within one year after the death of Joanna, the parents (Michael and Irene) could have immediately brought suit for the wrongful death of Joanna. Respondent's argument is that the

". . . correct interpretation of the statute and its resultant application in this case is that whereas the surviving minor child could have brought action within a year of her mother's death either severally or jointly with the parents of the deceased, once the year's period had passed, she no longer had any right to bring this action and whatever rights she initially did, in fact, pass to the parents of deceased. . . ."

The resolution of the issue presented requires a construction of our Wrongful Death Act, §§ 537.080, 537.100, RSMo as amended in 1967.

Section 537.080 provides:

"Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, . . . the person who . . . would have been liable if death had not ensued shall be liable to an action for damages, . . . which damages may be sued for and recovered

"(1) By the spouse *or minor [child]* children, natural or adopted, of the deceased, either jointly or severally; . . . and provided, further, that only one action may be brought under this subdivision against any one defendant; or

(2) If there be no spouse or minor children or if the spouse or minor [child] children fail to sue within one year after such death, or if the deceased be a *minor and unmarried*, then by the father and mother, natural or adoptive, who may join in the suit, and each shall have an equal interest in the judgment; . . . or

(3) If there be no husband, wife, minor child or minor children, natural born or adopted as herein indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased, . . . ." (Emphasis added.)

Section 537.100, RSMo provides:

"Every action instituted under section 537.080 shall be commenced within two years after the cause of action shall accrue; . . . ."

Although serious doubt has been raised in recent decisions,[4] the traditional principle is, and the overwhelming weight of authority holds, that no cause of action or claim for relief existed at common law and it is only

---

4. See Bardgett, J., dissenting in *State ex rel. Kan. City Stock Yards v. Clark*, 536 S.W.2d 142, 149 (Mo. banc 1976); *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970); *Gaudette v. Webb*, 362 Mass. 60, 284 N.E.2d 222 (1972); see also 1 Speiser, Recovery for Wrongful Death 2d, §§ 1:4–1:7, at 11–28 (1975).

by the creation of the wrongful death acts that such a claim was established. *Glick v. Ballentine Produce, Incorporated*, 343 F.2d 839, 841 (8th Cir. 1965), cert. den. 382 U.S. 891, 86 S.Ct. 184, 15 L.Ed.2d 149 (1965); *Glick v. Ballentine Produce Incorporated*, 396 S.W.2d 609, 614 (Mo.1965), appeal dismissed, 385 U.S. 5, 87 S.Ct. 44, 15 L.Ed.2d 5 (1966); *Nelms v. Bright*, 299 S.W.2d 483, 487 (Mo. banc 1957); *Cummins v. Kansas City Public Service Co.*, 334 Mo. 672, 66 S.W.2d 920, 922 (banc 1933); *State v. Daues*, 314 Mo. 13, 283 S.W. 51, 56, 45 A.L.R. 1466 (banc 1926); *Baker v. Bolton*, 1 Camp. 493, 170 Eng.Rep. 1033 (1808); Davis Wrongful Death, 1973 Wash.U.L.Q. 327, 327–329.

From this traditional principle and the judicial constructions thereof many subsidiary and corollary principles flow.[5]

In our opinion, the one year limitation statute embodied in § 537.080(2) requires the child of a deceased unmarried minor to commence an action for wrongful death within one year from the date of death. We believe such conclusion is compatible with previous decisions and the statutory scheme for compensation in wrongful death cases.

In *Wessels v. Gipfel*, 522 S.W.2d 653 (Mo. App.1975), George Wessels, a 25-year old unmarried adult lived with his mother and was her principal source of support. He met his death by reason of the alleged negligence of the defendant. He also left an infant daughter born out of wedlock.[6] The daughter's action was not filed within one year after his death or after one year after her birth. The mother had filed suit for damages for wrongful death of her son but the suit was dismissed upon a negotiated settlement. The trial court dismissed the infant's petition and the Missouri Court of Appeals, St. Louis District affirmed.

The court examined the basic theory of the Wrongful Death Act and held that the infant child of the unmarried adult, a member of the class described in subsection (1) of § 537.080 who did not file her action within one year after such death was barred from maintaining an action so that the claim was subject to appropriation by the mother.

In *State ex rel. Kan. City Stock Yards v. Clark*,[7] this court en banc held that the surviving spouse and minor children who did not commence an action within one year after the decedent's death who is survived by his parents was sufficient to preclude the widow and children from suing after the expiration of one year but less than two years from the date of death.

In *Edmonsond v. Lakeside Hospital Ass'n.*, 562 S.W.2d 361 (Mo. banc 1978), the latest expression of this court, it was held that two minor children of a deceased mother who left surviving parents were precluded from maintaining an action where the action was not commenced within one year from the date of death.

"... Under § 537.080, RSMo 1969, as last interpreted in *State ex rel. Kansas City Stock Yards v. Clark*, 536 S.W.2d 142 (Mo. banc 1976), the claim for [the mother's] wrongful death accrued on the date of her death, and vested first in the spouse and minor children who, in case ... deceased left surviving a father and mother, were obliged to exercise their preferred right by filing suit within one year from the date of death. The minor children did not do so. ..." 562 S.W.2d at 363.

While these decisions are not directly controlling, they, as well as the statutory

---

5. The principles are summarized in *State ex rel. Kan. City Stock Yards v. Clark*, supra, and *State ex rel. Jewish Hospital Etc. v. Buder*, 540 S.W.2d 100, 104–105 (Mo.App.1976).

6. In *Wessels v. Gipfel*, as in this case, there was no contention that an illegitimate child does not have the same right to sue for the wrongful death of its natural parent as a child whose mother was married to the natural fa-

ther at the time of death. See Annot., 38 A.L. R.3d 613 (1971); see also 2 Speiser, supra, § 10:4, at 131–139 and § 10:12 at 148–151.

7. See also *Selsor v. Zenith Radio Corp.*, 536 S.W.2d 157 (Mo. banc 1976)—Widow and minor child cannot maintain action for wrongful death filed more than one year but less than two years after death.

scheme established by the General Assembly are indicative of the basic premise that the Wrongful Death Act is principally intended to provide a preferential remedy for those persons who naturally suffer the greatest loss by the death of another.

Our Wrongful Death Law establishes separate classes of beneficiaries based on their natural dependency on the deceased and establishes preferred classes who have first rights so as to provide a remedy to those persons and individuals who naturally suffer the greatest loss from the death. Under the scheme established by the General Assembly since the inception of the Wrongful Death Laws in 1855 (Chap. LI, § 2, RSMo 1855 at 648), the first preference is given to those closest to the deceased—the surviving spouse and his or her child or children, then to the natural parents of the deceased, and then to more remote heirs and relations. See discussion in *Crane v. Riehn*, 568 S.W.2d 525, No. 59686, July 24, 1978 (Mo. banc).

An action for damages for wrongful death under § 537.080 may first be instituted by the spouse or children. Then if there be no spouse or minor children, or if the spouse or minor children do not sue within one year, or if the deceased be a minor and unmarried, then the action devolves upon the parents of the deceased, and if there be no spouse, children, or parents, then the administrator or executor has the right to sue.

We believe that § 537.080(1) establishes the general principle that first preference is given to those persons who naturally suffer the greatest loss; and that subsection 2 and 3 of that section establish exceptions to that principle. These principles fit the legislative scheme of preferred classes of beneficiaries.

The statute, as we view it, establishes a reasonable and societal beneficent hierarchy of preferred classes of persons who naturally suffer the greatest loss by the death of an individual.

This hierarchy makes legal sense when the exception contained in subsection 2 of § 537.080 is read as follows:

"(2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year, or if the deceased be a minor and unmarried *without child or children*, then by the father and mother, . . . ." (Emphasis added.)

This construction completes the scheme established by the General Assembly and is compatible with the previous decisions construing § 537.080. *Cf. Wessels v. Gipfel; State ex rel. Kan. City Stock Yards v. Clark; Almcrantz v. Carney*, 490 S.W.2d 59 (Mo.1973); *Montemayor v. Harvey*, 490 S.W.2d 61 (Mo.1973); *Rogers v. Fiandaca*, 491 S.W.2d 560 (Mo.1973)—wrongful death action where decedent is an unmarried adult without surviving children is to be filed by administrator and not surviving parents; *Edmonsond v. Lakeside Hospital Ass'n.*, supra.

The construction which we place on § 537.080 also avoids untoward results and at the same time recognizes than an infant of an "unmarried minor" should be treated preferentially. Under the language of § 537.080, the legitimate child of a deceased married minor must file an action within one year, but the construction urged upon us by the appellant would entitle an illegitimate child of a deceased unmarried minor to commence an action within two years thus giving greater rights to the illegitimate over a legitimate one. The construction we place also gives a preferential right to sue for wrongful death to the child of an unmarried minor in the first instance rather than the parents of the unmarried minor within the first year of death. Such child should have a preferential remedy because it is that child who suffers the greatest loss.

We hold therefore that an infant child of a deceased unmarried minor has, under § 537.080, a preferential claim over the parents of the deceased but that such action for wrongful death must be brought within one year from the date of the decedent's death. In the event such claim is not made within one year from the date of the death, such claim is barred, and then "[damages

may be sued for and recovered] by the father and mother . . . ."

While appellant contends that there was no "passage" of the claim from the child of the unmarried minor to the parents of the minor, we believe that when the statute is looked at in its entirety and in consideration of the statutory scheme, there is a preferential right in the child of the unmarried minor, which if not exercised within one year passes to the parents of the deceased unmarried minor.

The courts of this state have struggled long and hard to reconcile the difficulties and perplex problems raised in our present wrongful death statutes. The problems are recurring and the resolutions adopted are sometimes contradictory. In view of the difficulties and in view of the new light now shed on traditional concepts that has governed the statutes and judicial decisions for years, we urge the General Assembly to review the present statutes relating to wrongful death and adopt a comprehensive, simpler and more organized Death Act which conforms to the basic needs of contemporary society. There are many complex and variable issues that need resolution. These issues can be adequately and thoroughly resolved only through the legislative process.

Under the record, we hold that the trial court did not err in dismissing Counts I and II of the petition.

The judgment is affirmed.

MORGAN, C. J., and FINCH, DONNELLY and RENDLEN, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

SEILER, J., dissents and concurs in separate dissenting opinion of BARDGETT, J.

BARDGETT, Judge, dissenting.

I respectfully dissent. Jenny Kausch was born on September 28, 1974, to Joanna Kausch. Joanna died on June 13, 1975, allegedly due to defendant's negligence. At the time of her death Joanna was still a minor and was unmarried and left surviving her daughter, Jenny aged 8 months, and her parents, Michael and Irene Kausch.

Jenny, aged 8 months, did not sue during the first year following her mother's death. The principal opinion, by reading words into the statute, construes it so as to limit Jenny's right to sue to the first year after her mother's death and bars the instant action by her. So, Jenny becomes casualty number five of a confusing wrongful death law. Casualty number four was Nathan Crane, a child born 7½ months after his father's death, who failed to sue within the remaining 4½ months of the first year following his father's death. *Crane v. Riehn*, 568 S.W.2d 525 (Mo. banc 1978) [No. 59686] decided concurrently herewith, in which I also dissented.

The Missouri Court of Appeals, St. Louis District, in an opinion by Judge Gerald Smith, construed the wrongful death statute so as to uphold this child's right to sue in this case. I agree with the court of appeals analysis of the statute in this case and adopt Judge Smith's opinion as my dissent in this case as follows:

"This case presents the question whether when the deceased is an unmarried minor survived by parents and a child, the child must bring its wrongful death action within a year or whether the two year statute applies. We find no case in Missouri dealing with this fact situation. Sec. 537.080 RSMo 1969, provides that a wrongful death action may be brought:

" '(1) By the spouse or minor children, natural or adopted, of the deceased, either jointly or severally; . . . (2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death, *or if the deceased be a minor and unmarried, then by the father and mother*, natural or adoptive, who may join in the suit, . . .' (Emphasis supplied)."

"Respondent concedes, and the emphasized language makes clear, that under the fact situation here the parents of Joanna were entitled to bring a suit immediately upon Joanna's death. Since she was a minor and unmarried at the time of her death,

her parents are not required to wait for one year as provided in the second disjunctive clause of paragraph 2.

"That clause providing for a one year waiting period as to the parents has no application to the fact situation here and is unnecessary to any determination of the parent's rights. Inasmuch as the function of that clause is to determine the right of suit in a different fact setting than is here involved, we are unable to conclude that it has application to this case. Only that clause imposes upon a minor child a shorter statute than the two year provision in Sec. 537.100, RSMo 1969. Since the clause has no application to the fact situation before us, it cannot limit the rights of the minor child. Plaintiff and the parents of Joanna are limited solely by the two year statute of limitations contained in Sec. 537.100, RSMo 1969.

"The conclusion we reach is not only in keeping with the statute as written but with the cases which have dealt with the one year 'internal' limitation period. In *Almcrantz v. Carney*, 490 S.W.2d 59 (Mo. 1973) and *Montemayor v. Harvey*, 490 S.W.2d 61 (Mo.1973) the Supreme Court held that a spouse was not restricted to one year in which to bring suit where there was no other class of beneficiary to step forward upon the failure of the spouse to exercise the right within a year. These decisions, in essence, are based upon the premise that the one year 'internal' statute comes into play only when a second class of potential beneficiaries are in existence awaiting the failure of the primary beneficiaries to proceed under the wrongful death statute. The thrust of *State ex rel. Kansas City Stock Yards v. Clark*, 536 S.W.2d 142 (Mo. banc 1976) is the same. That case imposed the one year limitation upon a spouse and minor children when the deceased was also survived by parents who were still alive several years after decedent's death, but who did not claim to have suffered any pecuniary loss from their son's death. See also *Selsor v. Zenith Radio Corp.*, 536 S.W.2d 157 (Mo. banc 1976). Both *Clark* and *Selsor* are based upon the concept that certain beneficiaries are given

a preferred right to proceed for wrongful death, but that upon their failure to so proceed their rights irrevocably pass to a less preferred class of existing beneficiaries. An essential difference between the majority and dissenting opinions in those cases was whether the right irrevocably passed or simply was subject to defeasance by action of the less preferred class. Inherent in both majority and dissenting opinions is the requirement that for the one year 'internal' statute to be applicable, there must exist two classes of beneficiaries, one having preference over the other. In the absence of such preferential treatment in the statute the one year limitation simply has no application.

"In the case at bar no preferential class of beneficiaries exist. Both the minor child and the parents could bring the suit immediately after the death of the unmarried minor mother. Both have equal preference. The one year statute does not apply.

"Nor does such a finding produce an unfair or unseemly race for the courthouse. Rules 52.04, 54.05 and 52.06 provide for joinder of interested beneficiaries. Sec. 537.095 RSMo 1969 provides for apportionment of damages among those entitled thereto.

"Judgment dismissing Counts I and II of plaintiff's suit is reversed and cause is remanded for further proceedings."

The principal opinion suggests the construction placed on the statute by it avoids giving greater rights to an illegitimate child over a legitimate one. But it makes no difference under the principal opinion whether the child is legitimate or illegitimate. Had Joanna been married when Jenny was born and her husband died or they were divorced, after which Joanna, a minor, died leaving Jenny, the same result would obtain. Joanna would still have been an unmarried minor who was survived by a minor child and her own parents.

The *Crane* case, where a minor child had only until he was 4¼ months old to sue, and this case, where a baby had only from 8 months of age to 20 months of age within

which to sue for the parent's death, before losing their causes of action to less damaged persons, dramatically demonstrate the dire need for corrective legislation. However, until such legislation is forthcoming, I believe this court should, whenever possible, construe the statute so as to allow the most damaged persons (minor children and widows to sue, as the court of appeals did, rather than bar the action.

These cases where infants lose their right to sue for the death of their parents by the mere passage of just a few months' time, during which the infants can do absolutely nothing for themselves, ought to cause us to reconsider the origin of wrongful death actions and to hold, as the Massachusetts Supreme Court did in *Gaudette v. Webb*, 284 N.E.2d 222 (1972), that the action is of common law origin [1] and the limitation period is tolled by the disability of infancy. I dissent.

1. See F. Tiffany, "Death by Wrongful Act", at 1–16 (2d ed. 1913); Davis, "Wrongful Death", 1973 Wash.U.L.Q. 327 (1973); the authorities cited in the dissenting opinions of *State ex rel.* *Kansas City Stock Yards v. Clark, supra, Selsor v. Zenith Radio Corp., supra* and *Crane v. Riehn, supra*; and authorities cited in the principal opinion in this case.